[No. 2112.]

MABEE ET AL. v. THE PLATTE LAND COMPANY (LIMITED).

**Water Rights—Appropriation of Waste Waters.**

Where an irrigation ditch at times ran a surplus of water, which surplus it discharged at its terminus into a natural drain, one who appropriated such surplus or waste water after it was discharged from the ditch acquired a right only to whatever water flowed from the ditch after the ditch company had supplied its own wants and necessities, and did not acquire a vested right to any specific quantity of water, and acquired no right to interfere with the water flowing in the ditch or any of its laterals, and the ditch company was under no obligation to permit any specific quantity of water to be discharged at the terminus of its ditch.

*Appeal from the District Court of Arapahoe County.*

Mr. WILLIAM T. ROGERS, for appellants.

Mr. H. RIDDELL, for appellee.

WILSON, P. J.

Plaintiff, The Platte Land Company (Limited), alleged in its complaint that it was the owner of certain described agricultural lands situate near the terminus of a ditch or canal owned and operated by The Northern Colorado Irrigation Company, commonly known as the High Line ditch; that it then was and had been for a number of years planting said lands in agricultural crops; that it was also the owner of certain water rights used for the irrigation of said lands, and which had been and were conveyed to it through said High Line ditch and laterals constructed therefrom, at a point above the terminus of the main ditch; that the defendants who were also cultivating lands in the vicinity had at numerous times by shutting down the headgates, and in sundry other ways, prevented the water from flowing into said lateral ditches, and thereby prevented plaintiff from receiving and using the water to which it was entitled. The prayer was for an injunction restraining the defendants from the commission of such acts as would interrupt the flow of water from said High Line ditch into or through said laterals, etc.

The answer of defendants denied the allegations of matters of fact. For a third defense and by way of cross-complaint, the defendants averred that the High Line ditch discharged its surplus and waste waters into a natural drain or stream made by surface waters which ran through land owned by defendant William A. Mabee, the father of the other defendant; that in thus flowing through the lands of defendant, such surplus water was washing away the banks

and increasing the size of said drain to his damage and injury; that upon complaint of this to the officers of the company owning the High Line ditch, he was told by the president thereof that after such surplus or waste water was discharged from the ditch, the company had nothing further to do with it, and that he, the defendant, could take and use it if he desired, as he pleased; that thereupon defendant built and constructed a ditch from the terminus of the High Line ditch to defendant's land, and thereby appropriated all the waste and surplus water discharged from the main ditch, and had since said time been using said waste water, for the cultivation of crops upon his land; that plaintiff had upon divers occasions obstructed the flow of said waste and surplus water from the terminus of said High Line ditch. The prayer was that the defendant, W. A. Mabee, be decreed the first and prior appropriator of and entitled to all the surplus and waste water discharged from the main ditch, and that plaintiff be enjoined from diverting or interfering with its free and uninterrupted flow. Upon final hearing the court found the probative facts of the complaint in favor of plaintiff, and made perpetual the injunction as prayed for. The plaintiff was also enjoined from in any manner interfering with the use and enjoyment by the defendants of any surplus or waste waters that might be discharged from the High Line ditch. Defendants appeal.

The findings of fact in favor of plaintiff were supported by the evidence; indeed, we do not discover any evidence to the contrary. We cannot see wherein defendants have any right to complain of the decree. They got by it all that they asked for, namely, an order restraining the plaintiff from in any manner interfering with the flow of the waste or surplus water after it was discharged from the main

ditch, and a specific decree that they had a vested right in and were justly entitled to this waste and surplus water after it was discharged. In fact, it does not appear either from the findings or any evidence, that the plaintiff set up any claim whatever to this surplus water, or to any right to use it. Each party in fact, got by the decree all that it or they asked. The evidence clearly showed the facts entitling plaintiff to the use of water from the main ditch to the extent decreed by the court, and justified the decree in its favor. The fact that defendants were entitled to the waste water did not justify them in obstructing the flow of water into the laterals of plaintiff to the extent of its appropriation. The waste water was that which flowed from the ditch after the ditch had supplied all of the wants of those with whom it was under contract to carry to the extent of their contracts,—that alone which flowed from the ditch after the ditch company had supplied its own wants and necessities, whether under contract or otherwise. The ditch company did not become under obligations to defendants by reason of any of the facts alleged to permit any specific quantity of water to be discharged at the terminus of the ditch. The defendants took only that which happened to be discharged, whether it was a large or a small quantity. They acquired no vested right in any particular quantity. To so hold would be to actually defeat the right of a prior appropriator who had made a contract with the carrier ditch to convey the water appropriated by him. Almost the entire argument of counsel is upon the question as to the right to this waste water acquired by defendants by their appropriation and use under the facts alleged. We do not see how this is in the case. In this proceeding, this right of defendants to the entire extent claimed by them is not controverted. All of the allegations in

reference thereto in the answer may be conceded, and yet they would not be in conflict with the facts alleged by plaintiff in its complaint, nor would they tend to defeat the right of plaintiff to the relief demanded by it. It is therefore unnecessary for us to discuss or determine the extent of defendants' rights to this waste water. Plaintiff does not contest them. Whatever they may be, it is only necessary to say that the defendants took and held them subject to the superior rights of prior appropriators, one of whom was plaintiff.

The judgment was manifestly correct in the respect complained of, and it will be affirmed.

*Affirmed.*