### MOORE v. MOORE et al.

(Court of Civil Appeals of Texas. Galveston. June 27, 1913. Rehearing Denied Oct. 9, 1913.)

1. APPEAL AND ERROR (§ 265*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY—EXCEPTIONS.

Though the record contains a written request to the court to file written findings of fact and conclusions of law, the court's failure to comply cannot be taken advantage of on appeal without a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1461, 1536–1551; Dec. Dig. § 265.*]

2. APPEAL AND ERROR (§ 293*)—MOTION FOR NEW TRIAL—NECESSITY.

Under court rules 24 and 25 (142 S. W. xii), requiring the specification of errors by assignment and 71a (145 S. W. vii) requiring a motion for new trial in all cases where an appeal is desired, except where the error is fundamental, the filing of a motion for new trial is a prerequisite to the consideration of assignments of error complaining that the judgment is contrary to the law and the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1395, 1700–1703, 1705, 1706; Dec. Dig. § 293.*]

Appeal from District Court, Jefferson County; W. H. Pope, Judge.

Action for partition by Stella Moore against Early B. Moore and another. From a judgment for defendants, plaintiff appeals. Affirmed.

A. W. Dycus, of Beaumont, and H. G. Robertson, of Dallas, for appellant. W. W. Cruse, of Beaumont, for appellees.

McMEANS, J. Stella Moore, appellant, brought this suit against appellees, Early B. Moore and Ivory Moore, for the recovery of a one-half interest in a tract of land described in her petition and praying for partition. A trial before the court without a jury resulted in a judgment for appellees, and appellant appeals.

Appellant, by her first assignment of error, complains that the court erred in failing to find and file findings of fact and conclusions of law, although requested by her in writing to do so.

[1] We find in the record a written application signed by appellant's counsel requesting the court to file its written findings of fact and conclusions of law, but there is nothing in the record, other than the mere filing of this request, to indicate that it was called to the attention of the court, and the point was not preserved by a bill of exceptions. It has been repeatedly held that the failure of the judge to file such conclusions would not be considered without a bill of exceptions. Cottulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Landa v. Heermann, 85 Tex. 3, 19 S. W. 885. In the case first cited it is said: "It is also complained that the court erred in failing to file its conclusions of law and fact, upon the written request of appellants. The application is found in the record, but there is no bill of exceptions to the action of the court upon it. We are of opinion that this is a matter which must be brought before the court by an exception. It may frequently occur that a party who has filed his application for findings of law and fact may waive or withdraw it. Without a bill of exceptions, when the findings do not appear, we cannot know that this has been done." The assignment is overruled.

[2] Appellant's second, third, and fourth assignments complain that the judgment is contrary to the law and the evidence. She did not file a motion for new trial in the district court, and under rules 24, 25 (142 S. W. xii), and 71a (145 S. W. vii) the assignments present matters which, in the absence of such a motion, this court has no power to revise. American Rio Grande Land & Irrigation Co. v. Mercedes P. Co., 155 S. W. 292.

There is no fundamental error apparent on the face of the record. The judgment, therefore, will be affirmed.

Affirmed.