[Civ. No. 1724. First Appellate District.—February 28, 1916.]

## C. T. SPADER, Appellant, v. JAMES ROLPH, Jr., Mayor of the City and County of San Francisco, Respondent.

SAN FRANCISCO CHARTER—MISCONDUCT OF FIRE COMMISSIONERS—RE-
MOVAL OF CHIEF ENGINEER WITHOUT TRIAL—REMOVAL OF BOARD
BY MAYOR.—Under the provisions of section 2 of chapter 2 of
article IX of the charter of the city and county of San Francisco,
which declares that no officer, member, or employee of the fire
department should be removed from office except for cause and
after trial, the board of fire commissioners have no right to re-
move the chief engineer of the department without assigning a
cause therefor and without trial, and where they do so after being
so advised by the city attorney, and after being notified to desist
by the mayor, their action affords sufficient ground for their
removal from office.

ID.—VOID PROVISION OF CHARTER—EFFECT OF CONSTITUTIONAL AMEND-
MENT.—While, at the time of the adoption of the charter of the
city and county of San Francisco in the year 1900, the provision
of section 2 of chapter 2 of article IX thereof was void by reason
of its conflict with section 16 of article XX of the constitution,
such void provision was effectively validated by the amendment
of November 3, 1914, to section 8½ of article XI of the con-
stitution, giving municipal corporations governed by charters the
authority to provide for the tenure of office and removal of muni-
cipal employees, and no change in such charter provision or re-
enactment was necessary in order to give it effect.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Keogh & Olds, H. I. Stafford, and John T. Thornton, for
Appellant.

Percy V. Long, City Attorney, and George Lull, Assistant
City Attorney, for Respondent.

KERRIGAN, J.—The plaintiff applied to the superior
court praying that a writ of review be issued directed to
the defendant, as mayor of the city and county of San Fran-
cisco, requiring him to certify to said court a transcript of
the proceedings had in a certain hearing and trial by said

defendant of the members of the board of fire commissioners of said city and county (of which the plaintiff was one), as the result of which trial an order was made by the defendant dismissing the members of said board from office. The prayer of the petition is further that said order be annulled and adjudged void.

An order to show cause being thereupon issued, the defendant demurred to the petition. The demurrer was sustained, with leave to the plaintiff to amend; and upon his failure so to do, a judgment was entered in favor of the defendant and for costs. The plaintiff appeals.

The controversy arises out of the fact that the board of fire commissioners removed one Thomas R. Murphy from his position as chief engineer of the department without assigning a cause therefor and without trial. This fact appeared in the petition for the writ, and it is the contention of the appellant in support of his appeal that the board in so removing Murphy acted in conformity with the provisions of the charter of the city and county, and that consequently the removal by the defendant of the board of fire commissioners—based as it was upon their action in thus discharging Murphy—was wrongful.

The San Francisco charter as adopted in 1900 provided in effect that no officer, member, or employee of the fire department should be removed from office except for cause and after trial, and in this respect the charter has remained unchanged. The removal of Murphy took place in December, 1914.

The petitioner claims that as a matter of law the board was justified in its action in not according to the removed member of the fire department a hearing or trial, inasmuch as the charter fixes no term of office for the chief engineer of the department, and that therefore its provisions limiting the right of the board to remove or dismiss such officer "except for cause" and only "after trial" were void at the time of its adoption, by reason of their conflict with section 16 of article XX of the constitution, the terms of which we give below.

It is also claimed in support of the appeal that even if the petitioner, as a member of the board of fire commissioners, did violate the charter in the respect mentioned, such action

was no more than an honest mistake, and therefore furnished no sufficient ground for his removal.

At the time of the adoption of the charter in the year 1900, section 16 of article XX of the constitution just referred to read as follows: "When the term of any officer or commissioner is not provided for in this constitution, the term of such officer or commissioner may be declared by law; and, if not so declared, such officer or commissioner shall hold his position as such officer or commissioner during the pleasure of the authority making the appointment; but in no case shall such term exceed four years."

Section 2 of chapter II of article IX of the charter provides: "No officer, member or employee of the department shall be dismissed or transferred except for cause, nor until after a trial. The accused shall be furnished with a written copy of the charges against him at least three days previous to the day of the trial. He shall have the right to appear in person and by counsel and examine witnesses in his behalf. All witnesses shall be examined under oath, and all trials shall be public."

It thus clearly appears that at the time of the adoption of the charter, the provision thereof just quoted was in violation of section 16 of article XX of the constitution, and therefore void, and that the term of office of the chief engineer not being fixed by law, he held the office at the pleasure of the appointing power, to wit, the board of fire commissioners. (*Sponogle* v. *Curnow*, 136 Cal. 580, [69 Pac. 255]; *Wall* v. *Board of Directors*, 145 Cal. 469, [78 Pac. 951].)

But in November, 1906, and subsequent to the time when the cases just cited were decided, and prior to the removal of Murphy, section 16 of article XX of the constitution was amended by the addition of the following provision: "In the case of any officer or employee of any municipality governed under a legally adopted charter, the provisions of such charter with reference to the tenure of office or the dismissal from office of any such officer or employee shall control."

This amendment was enacted not long after the decision in the case of *Coffey* v. *Superior Court*, 147 Cal. 525, [82 Pac. 75], where it was held that the provisions of the municipal charter of the city of Sacramento were not such as to show an intention to confer upon the city trustees exclusive jurisdiction to remove the chief of police, and that the

superior court, under section 758 of the Penal Code, had concurrent jurisdiction in that matter. And no doubt, as was said in the cases of *Dinan* v. *Superior Court*, 6 Cal. App. 217, 221, [91 Pac. 806], and *Craig* v. *Superior Court*, 157 Cal. 482, [108 Pac. 310], this amendment was in line with the policy of the state and the tendency of the late decisions and constitutional amendments to broaden the authority of municipal corporations, governed by charters, to prescribe their own rules and regulations in purely municipal affairs. There can be no serious question that the object of the amendment of 1906 to section 16 of article XX of the constitution was to make it clear that the provisions of a freeholders' charter should control in the matter of the dismissal from office of any officer or employee of a municipality. (*Craig* v. *Superior Court*, 157 Cal. 482, [108 Pac. 310].) In other words, as counsel for the defendant says: "The constitution itself exempts municipal officers from the provisions of the section so far as tenure of office or dismissal from office are concerned."

But the amendment to the constitution above set out was made after the enactment of the San Francisco charter containing the requirement of preferment of charges and trial of a municipal employee before discharge; and it is contended that its effect must be limited to charters thereafter enacted, and that it could not vivify a void statutory provision already in existence.

However that may be, we think there can be no doubt that this previously invalid provision of the San Francisco charter was effectively validated and given force and effect by a further amendment to the state constitution adopted on November 3, 1914, viz., an amendment to section 8½ of article XI, which took effect before the action of the board of fire commissioners in dismissing Murphy. Subdivision 4 of that amendment reads, in part, as follows: "It shall be competent in any charter framed in accordance with the provisions of this section, or section eight of this article, for any city or consolidated city and county, and plenary authority is hereby granted, subject only to the restrictions of this article, to provide therein or by amendment thereto, the manner in which, the method by which, the times at which, and the terms for which the several county and municipal officers and employees whose compensation is paid by such

city or city and county, excepting judges of the superior court, shall be elected or appointed, and for their recall and removal and for their compensation and for the number of deputies, clerks and other employees that each shall have, and for the compensation, method of appointment, qualifications, tenure of office and removal of such deputies, clerks and other employees. *All provisions of any charter of any such city or consolidated city and county, heretofore adopted, and amendments thereto, which are in accordance herewith, are hereby confirmed and declared valid."*

Under this amendment to the constitution no change in section 2 of chapter II of article IX of the San Francisco charter, or re-enactment thereof, was necessary in order to make it valid and constitutional.

Nor does this amendment mean, as claimed by appellant, that only such provisions of the charter as were in accordance with the constitution are confirmed and declared valid. One of its plain purposes was to exempt from the possible operation of section 16 of article XX of the constitution the matters of the tenure of office, appointment, and dismissal of municipal employees. The amendment so declares in express terms. The concluding sentence of the amendment above set out, and which we have italicized, is too plain to admit of any other construction. The words, "in accordance herewith," contained in said concluding sentence, grammatically and logically refer not to the constitution as a whole, but to section 8½ thereof, the particular section to which the amendment relates.

The case of *Banaz* v. *Smith,* 133 Cal. 102, [65 Pac. 309], is not in conflict with the conclusion we have arrived at in this case. When the facts in that case arose there had been no amendment to the constitution by which the invalid provisions of the charter of Los Angeles were confirmed and declared valid.

From these considerations we conclude that by virtue of the last mentioned amendment to the constitution, irrespective of amendments previously adopted, the provisions of the charter of San Francisco as found in section 2 of chapter II of article IX, relating to the right of an officer, member, or employee of the fire department to a trial upon charges before dismissal from the department, are valid and in full force and effect.

Turning, now, to the second point relied upon by the appellant, it appears that the members of the board of fire commissioners, after being advised by the city attorney that they had no power to do so, and after they had been notified by the mayor that they must desist, nevertheless proceeded to and did, without preferring charges and without a trial, remove the chief engineer of the department from office. This constituted a deliberate and arbitrary violation of an express provision of the charter in a matter of grave importance, and undoubtedly afforded a sufficient ground for the exercise by the defendant of his power to remove after trial all the members of the board.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1916.