## TWIN FALLS CANAL CO. v. DAMMAN et al.

(District Court, D. Idaho, S. D. August 20, 1920.)

Waters and water courses ⇐130—Waste water turned by irrigation company into natural coulee held subject to appropriation by others.

A natural coulee used by an irrigation company in part as a part of its distributing system and in part for carrying waste water into the river *held,* in so far as it was used to carry water from one part of the system to another for use on the segregated lands, to have the status of an artificial channel, and the water therein to belong exclusively to the company, but waste water turned therein *held* to become public water, subject to appropriation by others.

In Equity. Suit by the Twin Falls Canal Company against Frank B. Damman and others for injunctive relief. Granted in part.

Acting under the provisions of what is popularly known as the Carey Act (Comp. St. § 4685), the plaintiff's predecessor in interest constructed a large irrigation system diverting water from the Snake river for the reclamation of a segregated area of public lands of the United States aggregating more than 200,000 acres. Within this area were many coulees or draws through which naturally surface waters from melting snows in the spring drained into the Snake river, but which were dry during most of the year. Many of these were adopted by the construction company as a part of the irrigation system, and are being used by the plaintiff for distributing water to various portions of the tract and also for wasteways. The defendants acquired certain lands within the segregated area, and, having disposed of their rights to receive water from the system, have undertaken to make an original appropriation and to divert water from one of these coulees for the irrigation of such land. The plaintiff, claiming prior rights to the use of such water, has brought this suit to enjoin the defendants from making any diversion from the coulee.

James R. Bothwell, of Twin Falls, Idaho, for plaintiff.
S. T. Hamilton and T. K. Hackman, both of Twin Falls, Idaho, for defendants.

DIETRICH, District Judge. I shall hold that the water that flows in this coulee or tributary is water coming entirely from that which the plaintiff company diverts from Snake river and carries through its system, and that the company has possession of so much thereof as it can use upon lands within the segregation, but that it has not possession of, and must be deemed to have abandoned, such water as it cannot utilize. The only right which the defendants can or could acquire by virtue of their so-called appropriation is to utilize water flowing in this tributary which would otherwise waste into Snake river, and at any time the company can and does use the water its right is superior to that of the defendants. The plaintiff's right to use is confined to lands within the segregation. At times there may be considerable water going to waste, and at other times there may be none at all, but, generally speaking, the rights of the defendants are subject and subordinate to the right of the plaintiff, that is, its right to all the water flowing in the coulee that it can beneficially use upon lands within the segregation. Of course, the company is not bound to maintain for any length of

time the conditions giving rise to waste water in this coulee. I do not mean by that that it can willfully and maliciously divert the water from the coulee simply to keep the defendants from getting it, but so long as it may use the water in good faith it has the superior right. If this were an artificial channel, or if it were a coulee which had been adopted and used as a part of the distributing system of the plaintiff company, I would grant an injunction against interfering with it at all or going upon it; but it cannot be said to have quite that status. It is a natural depression, and it may be used in part for the wasting of water into Snake river and in part for carrying water from one portion of the system to another. In so far as it is utilized for the purpose of carrying water from one part of the system to another for use for beneficial purposes, it may be deemed to be a part of the system, but apparently it is also used merely as a part of the wasting system of the company; that is, water may run down through it merely for the purpose of discharging the water from the segregated land back into the river. To that extent it continues to be a public stream, and is a channel to which any one of the public may resort for the purpose of getting water which has in a sense become public water. The moment the company permits water to go into that natural channel for the purpose merely of letting it run into Snake river, such water becomes public property, subject to appropriation. I think I have said enough to make my view clear upon that point. If it were a channel used exclusively for the carrying of water from one part of the system to another, for use, it would then perhaps take the status of an artificial channel constructed by the plaintiff company, and no one could interfere with the exclusive control of it by the company, but in view of the dual purpose for which it is used and its dual character, I think I cannot go further than merely to enjoin the defendants from using any water which the plaintiff company is carrying through it for beneficial use upon land within the segregation.