## RICKS v. SERNA. (No. 1569.)

(Court of Civil Appeals of Texas. El Paso. Jan. 24, 1924.)

1. **Appeal and error** ⟜1039(17)—**Refusal to permit defendant to verify denial of partnership between plaintiff and defendant held harmless.**

In a partner's action against copartner for an accounting and for copartner's share of loss suffered, in which the copartner denied the existence of the partnership, but alleged that, if defendant should be found liable as a partner for alleged losses, he should be allowed to offset such chargeable losses with the reasonable value of his time, the use of his automobile, and its expense while in use by the partnership, the court's refusal to permit the defendant to verify his denial of partnership *held* harmless, in view of the fact that the record clearly showed that the court considered the defense that defendant was entitled to offset plaintiff's claim by the value of his time and the use of his car, and reduced the amount sued for to the extent thereof.

2. **Appeal and error.** ⟜547(2)—**Failure to file findings and conclusions within statutory time waived by failure to complain thereof in bill of exceptions.**

Court's failure to file findings of fact and conclusions of law within the time prescribed by statute was waived by failure to complain thereof in bill of exceptions.

3. **Partnership** ⟜120—**Partner's petition against copartner for share of losses held not demurrable.**

Partner's petition against copartner for copartner's share of losses *held* not demurrable, on theory that copartner could not be held liable to partner without an accounting, where the petition prayed for an accounting in addition to judgment for copartner's alleged share of losses.

4. **Appeal and error** ⟜907(3)—**Court presumed, in action involving an accounting, to have allowed defendant all credits due him, in absence of statement of facts.**

In partner's action against copartner for an accounting and for copartner's share of losses, in which the record showed that the court allowed items of offset pleaded by plaintiff, it will be presumed on appeal, in the absence of a statement of facts, that the court allowed all credits due to defendant.

Error from District Court, Pecos County; C. R. Sutton, Judge.

Action by R. A. Serna against Emmett Ricks. Judgment for plaintiff, and defendant brings error. Affirmed.

R. D. Blaydes, of Ft. Stockton, for plaintiff in error.

Martin & Perkins, of Alpine, for defendant in error.

HARPER, C. J. Defendant in error brought this action against plaintiff in error, and for cause of action alleged a partnership between plaintiff and defendant in buying and selling cattle; that they suffered a loss of which $708.73 was due to plaintiff from defendant; prayed for partnership accounting, settlement of partnership business, and for judgment for said sum.

Defendant Ricks answered by general demurrer, by general denial, and by special denial, setting up in such special denial that no partnership agreement had been made or entered into between them, or had ever existed as alleged by plaintiff; that an agreement, if made between plaintiff and defendant, was that defendant, for an agreed interest in any profit that might be made in the purchase and shipment of cattle by plaintiff, would take his own car at his own expense and his time and carry the plaintiff over the proposed territory from point to point, in order for plaintiff to inspect and prospect for and in trading and selling cattle, for all of which defendant was to receive a half of any profits made, and if no profits were made no liability attached to defendant Ricks for losses, should any be incurred; pleading further that, if defendant should be found liable as a partner for any alleged losses, defendant be allowed to offset such chargeable losses with the reasonable value of his time, his automobile, and its expense while in such use, in an amount of $750.

Tried without a jury, and judgment entered for $573.73. Here for review upon writ of error.

[1] Propositions 1, 2, and 3 are predicated upon the refusal of the trial court to permit the plaintiff to verify his denial of partnership. These are overruled for the reason that the record clearly shows that the court considered the defense that plaintiff was entitled to offset defendant's claim by the value of the use, etc., of the automobile, and reduced the amount sued for to the extent of an amount found to be the value thereof.

[2-4] Next, the fourth proposition is that the case should be reversed because the court failed to file his findings of facts and conclusions of law within the time prescribed by statute. There is no bill of exceptions to this effect in the record, so plaintiff has waived the objection thereto. Springfield Fire & M. Ins. Co. v. Whisenant (Tex. Civ. App.) 245 S. W. 963.

Fifth. "There must first be an accounting had between partners before any right arises or basis exists upon which a right to judgment can

be predicated on such account and the pleadings of the plaintiff in this case show that no accounting had ever been had between plaintiff and defendant, and the court erred in overruling defendant's demurrer to plaintiff's petition."

The answer to this is that defendant prayed for an accounting, and, there being no statement of acts, and the records showing that the court did allow items of offset pleaded by plaintiff, it must be presumed that the court allowed all credits due to plaintiff.

Finding no reversible error, the cause is affirmed.