## BEAUMONT IRRIGATING CO. v. ELLISON et al. (No. 1093.)*

(Court of Civil Appeals of Texas. Beaumont. April 1, 1924. Rehearing Denied April 9, 1924.)

1. **Appeal and error** ⊕⎯1011(1)—Finding on conflicting evidence not disturbed on appeal.

Where evidence was sharply conflicting, a finding based on sufficient evidence, the credibility of which was for the court, could not be disturbed.

2. **Appeal and error** ⊕⎯544(1)—In absence of bill of exceptions, trial court's refusal to file conclusions of law and fact held not reviewable.

Though trial court's refusal to file conclusions of law and fact, where evidence is conflicting, verified by bill of exceptions, would require reversal, its refusal to do so could not be reviewed in the absence of bill of exceptions.

⊕⎯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 6, 1924.

**3. Waters and water courses ⚙➠254—Rice growers held not liable for use of irrigating company's water.**

Where an irrigating company's agent found water flowing from company's canal onto defendants' rice crop and left it flowing at request of defendants' foreman, defendants *held* not liable, where they had refused to take water, the foreman had no authority to contract for water, and they cut off the water immediately it was called to their attention.

Appeal from District Court, Jefferson County; J. M. Combs, Judge.

Action by the Beaumont Irrigating Company against J. I. Ellison and another. Judgment for defendants, and plaintiff appeals. Affirmed.

A. D. Lipscomb, of Beaumont, for appellant.

Jas. A. Harrison and A. L. Shaw, both of Beaumont, for appellees.

WALKER, J. In effect, this was a suit by appellant against appellees to recover water rental on 88.7 acres of land cultivated by appellees in rice during the year 1922, at the rate of $8 per acre. There was no contention on the part of appellant that appellees were furnished water under a contract, but by circumstantial evidence it sought to show that appellees irrigated their rice crop for the year 1922 with water from its canal. Appellees denied this contention, and offered proof that their rice crop was irrigated by natural drainage. On a trial to the court without a jury, judgment was entered for appellees. Though motion by appellant for conclusions of law and fact is in the record, no conclusions were filed by the court. The action by the court on appellant's motion is not made to appear by bill of exception.

[1] Appellant's first proposition is that "the judgment of the court is against the manifest truth of the case, as shown by the evidence." This proposition is without merit. The evidence was sharply conflicting as to the source of water used by appellees to irrigate their rice crop, but on a careful review of all of the evidence, it is clear to us that appellees offered sufficient evidence, if believed by the court—and he was the judge of its credibility—to sustain a judgment in their favor.

[2] Because of the conflict in the evidence on the issue of appellees' liability, appellant says the case should be reversed on the failure of the court to file conclusions of law and fact. Under the recent decision of the Commission of Appeals in Railway Co. v. Stewart & Threadgill, 257 S. W. 526, where the authorities on this proposition are reviewed, we would sustain appellant's contention if the trial court's refusal to file conclusions of law and fact was verified by a proper bill of exceptions. But no such bill of ex-

ceptions is in the record, under the authorities of this state. Insurance Co. v. Whisenant (Tex. Civ. App.) 245 S. W. 963; Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581; Railway Co. v. Tuggle (Tex. Civ. App.) 196 S. W. 910; Sewall v. Colby (Tex. Civ. App.) 163 S. W. 694; Moore v. Moore (Tex. Civ. App.) 159 S. W. 896; Ricks v. Serna (Tex. Civ. App.) 258 S. W. 226. As we understand them, this matter can be reviewed only on a bill of exceptions.

[3] There is no merit in appellant's contention that the undisputed evidence showed some liability for the use of water. On this issue the evidence shows that an agent of appellant at one time found water flowing from the canal onto appellees' rice crop, and that he left it flowing on request of appellees' foreman. But the evidence shows that appellees had refused to take water, and that the foreman had no authority to contract for water, and that within a very short while, possibly two hours after the foreman had requested appellant's agent to leave the water gate open, the matter was called to appellees' attention, and immediately the water was cut off. As the foreman had no authority to contract for water, and as under the facts of this case it was not within the apparent scope of his authority, appellees were not liable for the small amount of water that flowed onto their rice crop at the request of their foreman.

Under the findings of the court, there was no liability for water rental. Hence the court's views as to appellant's right to a lien on appellees' rice became immaterial.

The trial court did not err in refusing appellant a new trial on the ground of newly discovered evidence.

Affirmed.