(No. 5387.  April 2, 1930.)

MILNER LOW LIFT IRRIGATION DISTRICT, a Corporation, Appellant, v. EARNEST EAGEN, Respondent.

[286 Pac. 608.]

Hodgin & Hodgin, for Appellant.

S. T. Hamilton, for Respondent, cites no authorities on points decided.

GIVENS, C. J.—Defendant-respondent occupies land within the geographical limits of appellant irrigation district which land he is purchasing under contract from the state of Idaho. Title being in the state, appellant concedes and asserts that no assessment as such may be levied upon the land by the appellant district for water furnished to it. (C. S., sec. 4402.)

The district sued to recover in a personal action for waste water used by the respondent in the year 1928 and appeals from an adverse judgment of dismissal on demurrer.

The gist of appellant's contention is found in paragraph V of the amended complaint as follows:

"That defendant and his predecessors in interest have cultivated and irrigated said lands with water furnished and delivered by the plaintiff district. That said lands have been by the defendant and his predecessors in interest cultivated, irrigated and developed by the use of water furnished by plaintiff district until said lands are seeded and have growing thereon a good crop of Grimm alfalfa. That the defendant and his predecessors in interest have paid

the assessments and tolls for maintenance and operation of the district's system for the use of water with which to irrigate said lands up to and including the year 1927. That during the season of 1928 the defendant declined to pay the assessment or charges or tolls levied by the district for maintenance and operation and declined to use water directly delivered to his said lands by the district during the season of 1928. But that the defendant used waste water from other lands and from the irrigation system of the plaintiff district for the purpose of growing a crop of seed upon said lands during the season of 1928. That said lands were so situated that by the use of waste water, and by reason of the fact that other lands adjacent to the lands described herein were irrigated with water furnished and delivered by the plaintiff district, the defendant was able to grow and produce upon his lands during the season of 1928 a valuable crop of Grimm alfalfa seed; and which said seed the plaintiff is informed and believes, and therefore alleges, is entitled to be certified by the State Department. That said lands were benefited the same as other irrigated lands within the boundaries of said district by reason of the operation of the plaintiff's canal system and the delivery of water to the lands within the boundaries of said district.''

In the final analysis the question is, Can an irrigation district compel a party, whose land is geographically within but legally without such irrigation district, to pay for water used by such party, which water has wasted on to his land from the district's canal and from the land of members of said district, and is not delivered directly from the irrigation works of said district, and when the district does not claim any rights in such water by reason of any intent or attempt to retain or recapture the same?

Such water as respondent used herein has been described as fugitive water after it has passed from the premises of the parties entitled to the use thereof without intent or attempt to retain, recapture or use the same. Under the allegations of the amended complaint herein, the

property right of both the district and the users in the water described was thus lost and it became nobody's property. (Wiel on Water Rights, 3d ed., sec. 37; 26 Cal. Jur., pp. 55, 56.) It would seem that thereafter such water becomes subject to recapture by anyone who can and does apply it to a beneficial use, unless it would, without such interference, have returned to the stream from whence it came, or if the recapture would not prejudice the rights of any prior appropriator. (*Comstock v. Ramsay,* 55 Colo. 244, 133 Pac. 1107; *Rio Grande Ditch Co. v. Wagon Wheel Gap Co.,* 68 Colo. 437, 191 Pac. 129; *Fort Morgan Reservoir Co. v. McCune,* 71 Colo. 256, 206 Pac. 393; *Rasmussen v. Moroni Irr. Co.,* 56 Utah, 140, 189 Pac. 572.)

If the district's right to the use of the water is lost, or its right to retain or recapture is not asserted, and that is all that is necessary to decide herein, no charge may be made or enforced by the district since it then owns nothing to sell. (*Davis v. Gale,* 32 Cal. 26, 91 Am. Dec. 554; *Beaumont Irrigating Co. v. Ellison,* (Tex. Civ. App.) 260 S. W. 245; *Elgin v. Weatherstone,* 123 Wash. 429, 212 Pac. 562; 47 C. J. 22, 25.)

Conceding without deciding that either the district or the members of the district from whose lands the waste water flowed on to respondent's land would have the right to retain or even recapture this otherwise waste water (*Mabee v. Platte Land Co.,* 17 Colo. App. 476, 68 Pac. 1058; *Stookey v. Green,* 53 Utah, 311, 178 Pac. 586), there is no allegation that they were intending or attempting to do so, or that respondent by using such water was interfering with their rights. We do not hold that it is necessary for the dominant user to negative abandonment, but to show a right to charge for waste water it is necessary to allege something more than is alleged herein. If waste water comes on to a man's land, he may, if without prejudice to the rights of others, use it. (*Lambeye v. Garcia,* 18 Ariz. 178, 156 Pac. 977; *Wedgworth v. Wedgworth,* 20 Ariz. 518, 181 Pac. 952.) The above thought is certainly in line with *Twin Falls Canal Co. v. Damman,* 277 Fed. 331, and *Sebern v. Moore,* 44

Ida. 410, 258 Pac. 176.) So far as the complaint shows, respondent took only that water which happened to waste on to his land, though such was sufficient to satisfy his needs.

Nor can the district recover on an implied contract for rendering a service. Respondent expressly rejected its offer to serve him. The fact that he nevertheless became the beneficiary of its service would not warrant a recovery by the district where, under the allegations of the amended complaint, the benefit was not the result of anything directly done by the district. The benefit herein is to be attributed not to the district but to the law of gravitation and perhaps an oversupply to users of water on higher ground. (See *Burkart v. Meiberg*, 37 Colo. 187, 119 Am. St. 279, 86 Pac. 98, 6 L. R. A., N. S., 1104.)

The allegations of the amended complaint do not bring the situation within the law as announced in *United States v. Haga*, 276 Fed. 41; *United States v. Ide*, 277 Fed. 373, and similar cases.

We need not and do not decide what rights respondent may have acquired in this water.

The allegations controlling herein do not show that respondent by using this waste water has committed a tort as against appellant; hence there is no basis for recovery on the contention, as urged by appellant, that the tort may be waived and suit on *assumpsit* brought. (2 R. C. L. 754.)

In *Colburn v. Wilson*, 24 Ida. 94, 132 Pac. 579, cited by appellant, the land owner was a member of the district and subject to assessment. *Strong v. Twin Falls Canal Co.*, 44 Ida. 427, 258 Pac. 173, is not in point for the same reason and though it involved a Carey Act contract and segregation and not an irrigation district, the point of the case was that a Carey Act contract holder could be compelled to pay his assessment whether he used the water or not.

The demurrer was properly sustained. Judgment affirmed. Co^'s awarded to respondent.

Budge, Lee, Varian and McNaughton, JJ., concur.