[Civ. No. 5787. Third Appellate District.—April 8, 1937.]

MAX RAPAPORT, Appellant, v. EARL FORER et al., Respondents.

Bertram S. Harris and Joseph Harris Brewer for Appellant.

Horowitz & McCloskey for Respondents.

PULLEN, P. J.—By this appeal Max Rapaport, as appellant, is attacking a judgment sustaining a demurrer to his first amended complaint without leave to amend.

To understand the issues it will be necessary to summarize briefly the amended complaint, which is in three separate

causes of action. The first cause of action alleges that plaintiff Max Rapaport in July, 1934, recovered a judgment approximating the sum of $400 against Earl Forer, in the Municipal Court of Los Angeles which, prior to the commencement of the present action, had been assigned to A. Marks, also known as Tillie Marks Rapaport; that Earl Forer, in order to defeat his creditors and to conceal his identity, caused himself to be appointed by the superior court, guardian of the estate of Louis Forer, an incompetent person, and thereafter opened a business under the firm name of Junior Department Store. It is also alleged the guardianship proceedings and the conduct of the department store was a sham and used by Earl Forer to hinder his creditors and to fraudulently prevent execution upon the Rapaport judgment. Following the appointment of Earl Forer as guardian it is alleged he performed no duties of that office.

That in 1935 plaintiffs caused an execution to be issued out of the municipal court and directed the marshal to levy on all funds on deposit in the Bank of America belonging to Earl Forer, and all of the right, title and interest that Earl Forer had in the funds in the account carried under the fictitious firm name and style of the ''Estate of Louis Forer, by Earl Forer, guardian''. The bank refused to deliver said funds to the marshal, although it is alleged that Earl Forer had full control thereof. It is also alleged Louis Forer was dead, and Abe M. Forer had been appointed and qualified as executor of the estate of Louis Forer, deceased, but that Earl Forer continued to operate the department store business without an order of court and without any accounting therefor.

It is further alleged that Abe M. Forer, as executor, claims an interest in said fund and has filed a third party claim, and that the Bank of America and Earl Forer also claim an interest in the funds adverse to plaintiffs, but that said claims are without merit. This first cause of action is in effect an action to quiet title to personal property.

The second cause of action recites, by reference, the foregoing allegations, that a dispute exists as to the validity of third party claims made by defendants thereto, and that plaintiffs are without any legal redress unless the dispute be determined by way of a declaratory judgment.

The third cause of action also adopts by reference, all of the allegations of the first cause of action, and in addition

thereto, alleges that defendant Earl Forer, as guardian and as an individual, and Abe M. Forer as an executor and as an individual, have acted and are now acting pursuant to a pre-arranged and preconcerted plan to conceal the property and assets of the defendant Earl Forer, and to prevent the satisfaction of the execution issued out of the municipal court; said cause of action being one for damages for a conspiracy.

While it is true that section 738 of the Code of Civil Procedure provides for an action to quiet title to personal property, as is attempted to be set up in the first cause of action, certain essential facts and allegations are necessary, the first of which being an interest in a particularly designated and described property. In this action no attempt is made to identify or point out the amount of money in which plaintiffs claim an interest or whether there is any money in fact on deposit, but merely describe the property as "funds on deposit". In *Aalwyn's Law Institute* v. *Martin,* 173 Cal. 21 [159 Pac. 158], the property in the action to quiet title was described as "that real property situate in the City and County of San Francisco . . . and more particularly described as follows, to-wit: rights of way, terminal lands, and all property known as 'the Ocean Shore railroad property', more particularly described in the public records . . . in Liber 62 of Mortgages . . . " This description was held insufficient and vulnerable to attack by general demurrer. We are likewise of the opinion in the instant case that the description of the property here in question, to wit: "funds on deposit by Earl Forer" is too vague for identification. Such funds if they were deposited in said account, have now become a part of the funds and moneys of the bank and are not susceptible of distinct identification. The only claim that Forer may have upon said funds is such right as he has by reason of the relationship of debtor and creditor which arose between himself and the bank by reason of the deposit. He has no claim to any specific personal property. Nor do we find any allegation that the money in the bank account sought to be levied upon was deposited by Forer as an individual, or that it was his money, or that he is a creditor of the bank, or that there are any funds or indebtedness existing. The demurrer was properly sustained.

As to the second count, being in effect an action for declaratory relief, the demurrer was also properly sus-

tained. This count was a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure. Section 1061 of the Code of Civil Procedure provides, "the court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances". A remedy is provided under section 689 of the Code of Civil Procedure, having to do with third party claims, and that would be a sufficient reason for the trial court to refuse to pass upon the issues here involved. In the case of *Stenzel* v. *Kronick*, 102 Cal. App. 507 [283 Pac. 93], a money judgment had been obtained and a lien created thereby upon all real property of the judgment debtor, situated in the county where the judgment was obtained. Plaintiff filed an action containing the usual allegations of an ordinary suit to quiet title and alleged the existence of a controversy regarding a valid judgment lien. A demurrer to the complaint was sustained without leave to amend. Plaintiff there contended that his lien gave him a vested interest in the real property and authorized the maintenance of a suit to quiet title and that the complaint stated a cause of action entitling him to declaratory relief. The court held: "Nor will a suit for declaratory relief necessarily lie under such circumstances. . . . Since the appellant has a speedy and adequate remedy for the satisfaction of his judgment by means of levying an execution, upon which proceeding the validity of the lien may be tested if it should then be questioned, the court had the discretion to refuse to accept jurisdiction under section 1060 of the Code of Civil Procedure on the ground that it was unnecessary."

As far as appears from the record plaintiff has an adequate and speedy remedy to determine the ownership of the subject-matter of the purported levy, as provided in section 689 of the Code of Civil Procedure. In *A. Hamburger & Sons* v. *Kice*, 129 Cal. App. 68 [18 Pac. (2d) 115], the amended complaint was in two counts, one upon a stockholders' liability growing out of a promissory note, and the second cause of action sought declaratory relief. Demurrers were sustained and judgment for defendants followed. The court there refused to intervene in the action seeking declaratory relief on the ground, as here, that the amount was within the jurisdiction of the municipal court, and therefore the superior court had a discretionary authority to decline to

exercise the power by statute concerning declaratory judgments.

An examination of the allegations of this cause of action shows that an execution has been issued and directed to be levied upon funds on deposit, and that a third party claim had been filed by a defendant and that a controversy exists as to its validity, bringing the controversy within the scope of the provisions of section 689 of the Code of Civil Procedure.

■ It is claimed by appellant that this section is inadequate to grant him the relief he seeks for the reason that he cannot in the municipal court attack the alleged fraudulent decree of the probate court wherein Earl Forer had himself appointed guardian of the estate of Louis Forer, an incompetent person. Neither, however, can such a decree be attacked collaterally in this proceeding. Appellant was a stranger to the probate proceedings, and no allegations are alleged which would impair their validity. Every presumption therefore must be indulged to support the validity of the order of the probate court. The motive behind Earl Forer, however improper it may have been, will not make unlawful an otherwise lawful proceeding. (*Union Labor Hospital Assn.* v. *Vance etc. Co.*, 158 Cal. 551 [112 Pac. 886, 33 L. R. A. (N. S.) 1034].)

■ The third cause of action of the amended complaint is for damages arising from a conspiracy between the respondents. We find no allegations in this count of the complaint that a conspiracy was formed, the only allegation being to the effect that two of the defendants, both individually and in their respective capacities, "have acted and are now acting pursuant to a prearranged and preconcerted plan and cause of action" to conceal property and assets and to prevent the execution of a certain judgment. It does not appear that the defendants entered into such a plan, or that such a plan existed, or that anyone did anything pursuant thereto. Also, Abe M. Forer is sued only as executor of the estate of Louis Forer, deceased. ■ The only act done by Abe M. Forer as such executor, alleged in the third cause of action, consisted of his claim to an interest in the funds, but it is not alleged that this act is or was fraudulent. Even, however, if such an allegation was made the fraud would not form a basis of a cause of action against

him in his representative capacity. In *Toner* v. *Meussdorffer*, 123 Cal. 462 [56 Pac. 39], it is said, "The action, if it could be maintained at all, is properly brought against defendants in their individual capacities and in no event could the estate be charged with damages for the fraud of the executors." It is a general rule that an estate cannot be held liable for a tort committed by a trustee, executor or administrator. (44 A. L. R., p. 637, citing many California cases.) In *National etc. Assn.* v. *Aul*, 156 Ky. 750 [161 S. W. 1123], the court held that the alleged entry into conspiracy on the part of an administrator was merely a personal wrong on his part.

Inasmuch as Abe M. Forer is sued only in his representative capacity and is alleged to have entered into a conspiracy in his representative capacity, no cause of action can, in view of the foregoing authorities, be stated against him in such capacity. He not being sued herein as an individual, leaves in the conspiracy only defendant Earl Forer, who is sued as an individual, and Earl Forer doing business under the fictitious name and style of "The Estate of Louis Forer by Earl Forer, Guardian." Whether or not Earl Forer is sued herein as an individual or a guardian is uncertain, but nevertheless the fact that Abe M. Forer is attempted to be sued in his representative capacity, which cannot be done, leaves in the purported conspiracy only Earl Forer, and the charge of conspiracy must therefore fail, as it is fundamental that one cannot conspire with himself.

Furthermore, in a conspiracy it is the wrong done and the damage suffered pursuant to a conspiracy rather than the conspiracy itself, which is the cause of action. (*Bowman* v. *Wohlke*, 166 Cal. 121 [135 Pac. 37, Ann. Cas. 1915B, 1011].) Examining the third count, therefore, to determine what, if any, wrong or injury is alleged, we find only the allegation that certain of the defendants "have acted and are now acting . . . to the loss and damages of plaintiff . . . ". The acts themselves were not alleged. A complaint which contains nothing more than bare allegations that the defendants entered into a conspiracy to defraud plaintiffs and have committed acts in furtherance thereof, does not state a cause of action unless such facts are shown which, if true, would support the charge. It is not sufficient to charge generalities, presumptions and conclusions. (*Kinney* v. *Postal Telegraph-Cable Co.*, 123 Cal. App. 70 [10 Pac. (2d)

`1043]; *Moropoulos* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 679 [200 Pac. 601].)

 As to the Bank of America, one of the defendants herein, no cause of action is alleged, as it appears it was not a party to the conspiracy, nor is it alleged to have done any act to the injury of appellant.  Furthermore, the third cause of action being for damages arising from a conspiracy grounded in fraud, and therefore an action in law, the superior court had no jurisdiction because the damages claimed are less than the jurisdictional minimum fixed by law.

Finding no error in the order of the superior court sustaining the demurrer of defendants without leave to amend, and dismissing the action, such judgment is affirmed.

Thompson J., and Plummer, J., concurred.