[Civ. No. 18052.   Second Dist., Div. Two.   July 25, 1951.]

V. D. HACKLER, Appellant, v. CLARENCE C. WARD et al., Respondents.

Ernest E. Emmons, Jr., and Philander Brooks Beadle for Appellant.

Kaetzel & Kaetzel, Clarence C. Ward and Richard F. Harris for Respondents.

McCOMB, J.—Plaintiff filed a complaint entitled "Action for Damages for Wrongful Removal from Public Office." Thereafter he filed an amended complaint to which a general demurrer was sustained and plaintiff allowed 20 days within which to amend.  After plaintiff declined to amend, a judgment was entered in favor of defendants.  From this judgment plaintiff appeals.

In the first cause of action of the amended complaint it is alleged in substance that plaintiff was a resident of the

city of Fair Oaks, county of San Luis Obispo; that the city of Arroyo Grande is a city of the sixth class existing under and by virtue of the laws of this state; that five named defendants were the duly elected councilmen of the city of Arroyo Grande; that on or about April 27, 1948, pursuant to an alleged oral contract of employment plaintiff was appointed chief of police of such city by the council to serve a probationary period of six months and thereafter during his good behavior in the performance of his duties as chief of police; that on or about February 18, 1949, defendant councilmen without notice or the preference of charges against him and without a hearing of any kind, removed plaintiff from office fraudulently, wrongfully, unlawfully, maliciously and with-, out cause to do so.

In the second cause of action of the amended complaint plaintiff incorporated the allegations of the first cause of action by reference and alleged that on or about November 22, 1948, the remaining defendants wrongfully conspired to unlawfully bring about plaintiff's removal from public office and to prevent him from obtaining further employment elsewhere as a police officer; that thereafter said defendants, in accordance with said conspiracy, did wrongfully and maliciously induce and prevail upon the five defendant councilmen to, and they did on February 18, 1949, wrongfully, maliciously and without notice or hearing remove plaintiff from his public office as chief of police without cause so to do.

*Questions:* ▮ First: *Where a city council of a city of the sixth class purports to enter into an oral agreement whereby they employ a chief of police of such city for a tenure of "during good behavior," may the city council thereafter dismiss the person so employed without cause, without notice and/or hearing?*

*Yes.* At the times here in question, the provision of law concerning the tenure of office of a chief of police of a city of the sixth class was contained in Deering's General Laws, Act 5233, section 852, where it reads in part as follows: "The city council shall appoint the chief of police . . . and said officers . . . shall hold office during the pleasure of said city council."

In view of the foregoing provision the period during which a chief of police of a city of the sixth class should hold office was at the pleasure of the city council.

In dealing with a similar situation where a school district had entered into a contract to employ a superintendent for

36 months, and before the expiration of such period discharged him, the Supreme Court of Minnesota in *Jensen* v. *Independent Consolidated School District No. 85*, 160 Minn. 233 [199 N.W. 911], said:

"This right which the board has to release the superintendent at its pleasure is a public right, and exists for a public purpose. The school board cannot by contract deprive itself of such right. Under our statute the district has in its discretion the inalienable power to remove the superintendent at any time. It cannot contract to keep him in office for any time certain. It cannot renounce or agree not to exercise its power of removal at pleasure. (Citing cases.) Under such condition it is rather inconsistent to contract for a fixed term. Yet if there is a fixed term it is impliedly subject to recall, and the fixed term is the time the superintendent will hold his office if the power to recall is not exercised. (Quoting cases.)

"To hold that the contract in question is binding for the fixed term would be to allow the school board to deprive itself and its successors of governmental powers which have been granted to it by the Legislature for public purpose. We are led to the conclusion that the Pinney contract for three years is not binding for the fixed term but is subject to recall. He may be employed as superintendent only during the pleasure of the board. *These rules of law incorporated themselves into and became a part of his employment by the board, and he was, in law, bound to take notice thereof.* He has been discharged, and the board was within its legal rights in doing so." (Italics added.) (See, also, *Parsons* v. *Breed*, 126 Ky. 759 [104 S.W. 766, 31 Ky.Law Rep. 1136]; 91 A.L.R. 1097 and authorities therein cited.)

In *Boyd* v. *Huntington*, 215 Cal. 473, 479 [11 P.2d 383], our Supreme Court held that where a term for which an officer is to hold office is fixed by law the appointing power can neither enlarge nor diminish it by fixing a greater or lesser term than that fixed by the statute.

The cases relied on by appellant, such as *Barendt* v. *McCarthy*, 160 Cal. 680 [118 P. 228], *Matter of Carter*, 141 Cal. 316 [74 P. 997], *Boyd* v. *Pendegast*, 57 Cal.App. 504 [207 P. 713], *Spader* v. *Rolph*, 29 Cal.App. 774 [156 P. 977] and *Good* v. *Common Council*, 5 Cal.App. 265 [90 P. 44], are not here applicable for the reason that each of the cases referred to merely held that an appointee whose term was to continue "during good behavior" or for a fixed term could

618

not be removed except for cause and after notice. The same authorities recognize the rule that appointments to hold during the pleasure of the appointing power may be terminated at any time and without notice.

In view of the foregoing rule the first count of the complaint failed to allege a cause of action.

Second: *Did the second count allege a cause of action for civil conspiracy?*

*No.* A complaint which contains nothing more than bare allegations that defendants entered into a conspiracy and committed certain acts in furtherance thereof does not state a cause of action unless the acts are connected with a showing of fact which if true would support the charge that such acts were wrongful. (*Rapaport* v. *Forer,* 20 Cal.App.2d 271, 278 [66 P.2d 1242]; *Kinney* v. *Postal Telegraph-Cable Co.,* 123 Cal.App. 70, 75 [10 P.2d 1043].)

Since the second count does not allege any specific act or acts which were wrongful, it likewise fails to state a cause of action.

Affirmed.

Moore, P. J., and Wilson, J., concurred