[Sac. No. 1741.  In Bank.—March 29, 1910.]

JOHN H. CRAIG, Petitioner, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, and HON. W. B. NUTTER, Judge thereof, Respondents.

MISCONDUCT IN OFFICE—REMOVAL OF CHIEF OF POLICE OF STOCKTON— CHARTER—INDICTMENT—PROCEEDING IN SUPERIOR COURT—PROHIBITION.—The removal of the chief of police of the city of Stockton for misconduct in office is vested exclusively in the board of commissioners established for that purpose under its freeholders' charter; and a proceeding by indictment of the grand jury of San Joaquin County charging such misconduct under sections 758 et seq. of the Penal Code, and prosecution thereof in the superior court, is without jurisdiction; and its prosecution in the superior court will be restrained by writ of prohibition.

CLVII Cal.—31

ID.—EFFECT OF AMENDMENT OF CONSTITUTION—CHARTER CONTROL OF
TENURE AND DISMISSAL OF OFFICERS AND EMPLOYEES.—The proviso
added on November 6, 1906, to section 16 of article XX of the state
constitution, relating to terms of office: "Provided, however, that
in the case of any officer or employee of any municipality governed
under a legally adopted charter, the provisions of such charter with
reference to the tenure of office or the dismissal from office of any
such officer or employee shall control," was in line with the policy
of the state. to broaden the scope of municipal corporations gov-
erned by charters as to their own affairs, and was intended to make
it clear that the provisions of a freeholders' charter should control
in the matter of the dismissal from office of any officer or em-
ployee of the municipality.

ID.—EFFECT OF PROVISIONS OF STOCKTON CHARTER.—Upon a review of
the provisions of the Stockton charter, it is held that they very
clearly show the intention that the matter of employment, retention,
and dismissal of officers, members, and employees of the police and
fire departments of the city of Stockton shall be in the hands of the
police and fire commissioners of that city, their control thereof to
be exercised in accord with the provisions of the charter, free of
any interference at the hands of any other authority, so long as
their acts are in accord with the charter provisions; and that they
are to be the sole judges in the matter of complaints against any
officer or employee of these departments, involving simply the ques-
tion whether he should be removed from his office or employment.

ID.—JURISDICTION OF OFFENSES AGAINST STATE LAWS—REGULATION OF
REMOVAL FOR MISCONDUCT.—If any officer or employee of a city
should commit any criminal offense against the laws of the state,
he would be subject to trial and punishment under such laws; but
the provisions of the Penal Code here involved, dealing only with
the removal of officers for misconduct, relate to a matter which,
under our constitution, so far as officers and members of the police
department of a municipality are concerned, may be regulated by
the provisions of its freeholders' charter.

APPLICATION for Writ of Prohibition to the Superior
Court of San Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Clary & Louttit, for Petitioner.

Ashley & Neumiller, *Amici Curiæ*, also for Petitioner.

Geo. F. McNoble, District Attorney, and Max Grimm,
Deputy District Attorney, for Respondents.

ANGELLOTTI, J.—Plaintiff was at the time of the institution of this proceeding captain of police and a policeman of the city of Stockton. The object of the proceeding was to obtain a writ of prohibition restraining the superior court of San Joaquin County from trying him upon an accusation presented to said court by the grand jury of San Joaquin County under the provisions of section 758 et seq. of the Penal Code, providing for the removal of civil officers otherwise than by impeachment, charging him with certain misdemeanors in office. The sections referred to provide for an accusation in writing made to the superior court by the grand jury against any district, county, township, or municipal officer, for willful or corrupt misconduct in office, notice to the accused, a trial by jury, and, in the event of conviction, a judgment "that the defendant be removed from office." The main claim of plaintiff and the only one that it will be necessary to consider is that by reason of certain provisions of the Stockton charter, the exclusive jurisdiction in the matter of the removal from office of officers, members, and employees of the police and fire departments of the city of Stockton is with the board of police and fire commissioners of that city, and that the superior court is therefore without jurisdiction in the matter of this accusation.

In the case of *Coffey* v. *Superior Court,* 147 Cal. 525, [82 Pac. 75], a similar contention was made on behalf of the chief of police of the city of Sacramento, and it was held that the provisions of the Sacramento charter were not such as to show an intention to confer exclusive jurisdiction on the city trustees, the official body vested in that city with the control of the police department, the court saying: "There is nowhere in the charter any provision which in terms confers exclusive jurisdiction upon the board of trustees·to proceed against and remove municipal officers nor is there apparent in any of the charter provisions an intention that its provisions should supersede the provisions of the General Law as found in the sections of the Penal Code relative to the removal of delinquent officials from office."

Subsequent to the decision in the Coffey case,—viz. on November 6. 1906, section 16 of article XX of the state constitution, relating to terms of office, was amended by adding the following proviso: "Provided, however, that in the case

of any officer or employee of any municipality governed under
a legally adopted charter, the provisions of such charter with
reference to the tenure of office or the dismissal from office
of any such officer or employee shall control." This amend-
ment was in line with what was declared in *Dinan* v. *Superior
Court,* 6 Cal. App. 221, [91 Pac. 808], to be "the policy of the
state, and the tendency of the late decisions and constitutional
amendments to broaden the scope of municipal corporations
governed by charters as to their own affairs, to allow them to
govern themselves, and to prescribe their own rules and regu-
lations as to affairs which are purely municipal." There can
be no serious question that the object of this constitutional
provision was to make it clear that provisions of a freeholders'
charter should control in the matter of the dismissal from
office of any officer or employee of a municipality, and. it was
very properly recognized in the opinion of the learned district
court of appeal in this proceeding that such provisions "would
not control" if such an officer or employee can be removed by
the superior court under the sections of the Penal Code hereto-
fore referred to, where the charter provisions contemplate that
the whole matter of removals shall be in the hands of the appro-
priate municipal authority. The question, then, is whether the
charter provisions of the city of Stockton do so contemplate.

It is to be borne in mind that section 8½ of article XI of
the constitution provides that it shall be competent to provide
in freeholders' charters: "3, for the manner in which, the
times at which, and the terms for which the members of the
boards of police commissioners shall be elected or appointed;
and for the constitution, regulation, compensation, and gov-
ernment of such boards and of the municipal police force."
By the charter of Stockton, the police and fire departments
are placed under the management of a board of three com-
missioners, elected by the city council. (Charter, sec. 131;
Stats. 1905, p. 851.) Section 135 of the charter provides:
"The officers, members and employees of the police and fire
departments shall be appointed by the board, but no appoint-
ment or removal shall be made for political purposes, *nor
shall any removal be made except for cause established to the
satisfaction of the board, after due investigation and trial,
as herein provided.*" (Stats. 1905, p. 851.) By section 136
of the charter (Stats. 1889, p. 610) the board is invested with

power to hear and determine all complaints of misconduct, inefficiency, "or other charges" against any officer, member, or employee, and "to take such action thereon as shall be most conducive to the maintenance, discipline and efficiency of said departments," and section 143 (Stats. 1905, p. 852) provides that any officer, member, or employee "guilty of any legal offense, inefficiency," etc., "shall be liable to be punished by reprimand, forfeit of pay for a specified time, suspension or dismissal from the department of which he may be an officer, member or employee."

It appears to us that these provisions very clearly show the intention that the matter of employment, retention, and dismissal of officers, members, and employees of the police and fire departments of the city of Stockton shall be in the hands of the police and fire commissioners of that city, their control thereof to be exercised in accord with the provisions of the charter, free of any interference at the hands of any other authority as long as their acts are in accord with the charter provisions. Not only are they given the management of those departments and expressly invested with power to hear and determine all complaints for any cause, and to take such action as, in their judgment, shall be most conducive to "the maintenance, discipline and efficiency of said departments," including not only the removal of the offender (which is the only penalty under the Penal Code provision), but also the imposition of a lesser penalty, such as suspension, forfeit of pay, or reprimand, if they deem it conducive to the best interests of the department to which the offender belongs, but it is further expressly explicitly provided that no "removal" of any officer, member, or employee shall be made "except for cause *established to the satisfaction of the board,* after due investigation and trial." It would be difficult to express more clearly than is done by these various provisions that the commissioners shall be the sole judges in the matter of complaints against any officer, member, or employee of these departments, involving simply the question whether he should be removed from his office or employment. Of course, as was said by the district court of appeal in *Dinan* v. *Superior Court,* 6 Cal. App. 221, [91 Pac. 808], if any such officer or employee should commit an offense against the laws of the state, "he would be subject to trial under such laws," and to punishment there-

under, but the provisions of the Penal Code here involved "deal only with the removal from office for misconduct in office," a matter which, under our constitution, so far as officers and members of the police department of the municipality are concerned, may properly be regulated by the provisions of a freeholders' charter of such municipality.

The provisions of the Sacramento charter involved in *Coffey* v. *Superior Court,* 147 Cal. 525,. [82 Pac. 75], were essentially different from those of the Stockton charter that we have referred to. The general intent to invest exclusive control in the municipal authorities was nowhere apparent, and the charter was entirely destitute of any provision to the effect that officers or members of the police department should not be removed except for cause "established to the satisfaction of the board." Under these circumstances a section of the Sacramento charter relative to the duties of the mayor, requiring him, among other things, to lay before the "board· of trustees, city attorney, or district attorney," any official defalcation, willful neglect of duty, or official misconduct of an officer which he may discover, "in order that the public interests may be protected and the person in default be proceeded against according to law" was given some weight in determining whether it was intended by the charter framers that the jurisdiction of the board of trustees in the matter of removal should be exclusive. A very similar provision is to be found in section 32 of the Stockton charter, defining various duties of the mayor, it being provided that such information shall be laid before "the council, city attorney, or district attorney," and much reliance is placed on this provision by counsel representing the defendants. But we think that in view of the presence in that charter of the other provisions to which we have referred, provisions which substantially, in the language of the Coffey case, "in terms confer exclusive jurisdiction upon" the board of police and fire commissioners in the matter of removals from the police and fire departments, this provision is not important in the consideration of the question before us. There is ample room for the application of this provision without applying it to the matter of removal of members of the police and fire departments, to which matter, in view· of the other provisions, it apparently has no application.

The case before us, in its material facts, does not differ from the case of *Dinan* v. *Superior Court,* 6 Cal. App. 217, [91 Pac. 806], in which the superior court of the city and county of San Francisco was restrained from trying a similar accusation against the chief of police of that city and county, on the ground that the charter thereof provided the exclusive method in such cases. There is no substantial difference between the provisions of such charter and the charter of Stockton in regard to such matters. The San Francisco charter gave the same ample powers to the police commissioners as does the Stockton charter to the police and fire board, and it was provided that "no member of the department shall be subject to dismissal for any cause, . . . except after a fair and impartial trial before the commissioners." This provision occupied the same relative position in the charter of San Francisco as does the provision against removal in the Stockton charter, being in that portion thereof devoted to the powers and duties of the commissioners invested with control of the police department. It means the same thing as does the Stockton provision. We entirely approve the views expressed by the district court of appeal in that case.

From what we have said it follows that the superior court of San Joaquin County is without jurisdiction to entertain the accusation against petitioner.

Let a peremptory writ of prohibition issue as prayed.

Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.