[Civ. No. 3634. First Appellate District, Division One.—May 25, 1921.]

## THOMAS F. O'NEILL, Appellant, v. HARRY G. WILLIAMS, as Auditor, etc., Respondent.

[1] PUBLIC OFFICERS — WRONGFUL REMOVAL — RIGHT TO SALARY. — A public officer or employee wrongfully removed from office is entitled upon the reversal of his removal to the salary of the position during the time he was excluded from the performance of his duties by the erroneous order of suspension.

[2] ID.—CITY OF OAKLAND—CORPORALS OF POLICE DEPARTMENT—ORDER OF SUSPENSION—REDUCTION OF NUMBER PENDING APPEAL—CREATION OF VACANCY.—In view of sections 87 to 89 of article XIV of the charter of the city of Oakland, empowering the council to fix the number of officers of the police department according to its needs, the adoption of an ordinance reducing the number of corporals from fourteen to seven pending an appeal by a corporal from an order of suspension, and the appointment of others to the seven positions, created a vacancy in the position held by such corporal, notwithstanding the reversal of the order of suspension by the Civil Service Commission.

[3] ID.—OFFICE CREATED BY ORDINANCE—RIGHT TO ABOLISH.—An office or position created by municipal ordinance may be abolished by ordinance, in which case the incumbent ceases to be an officer, even though by reason of having been appointed for a definite term, or by special statutory provision, he cannot be lawfully removed except for cause after a full hearing.

[4] ID.—REMOVAL OF OFFICERS—RESTRICTIVE PROVISIONS OF CHARTERS—APPLICABILITY.—Provisions of city charters restricting the power

of removal of officers and employees refer to removals for lapse of duty and the like, and are not a restriction upon the power of the council to abolish as many of the places or offices once provided for as it chooses, provided such action is taken in good faith.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ostrander & Carey for Appellant.

H. L. Hagan, T. J. Ledwich and Earl Warren for Respondent.

WASTE, P. J.—The plaintiff sought a writ of mandate to compel the defendant, as auditor of the city of Oakland, to issue his warrant for salary claimed to be due for services as corporal in the police department of that city. The lower court gave judgment for the defendant, and the plaintiff has appealed.

The charter of the city of Oakland provides that the police department of the municipality, other than patrolmen, shall consist of a chief of police, captain of inspectors, and such captains, lieutenants, sergeants, corporals, and bailiffs as in the judgment of the council the needs of the service may require, who shall be appointed by the commissioner of public health and safety, subject to the civil service provisions of the charter. It is not incumbent upon the council, however, either to create or fill all of those positions. (Oakland City Charter, art. XIV, secs. 87–89.) Proceeding under the charter provisions, the Oakland city council from time to time created fourteen positions of corporal, one of which was held by the appellant. On May 21, 1919, he was suspended from the department by the commissioner of public health and safety for alleged cause, his suspension continued until December 9th, following, when on appeal, it was set aside and annulled by the civil service board. After appellant was suspended, and before his appeal was sustained, the council passed several ordinances relating to the police department, which became effective on June 30, 1919. The effect of these ordinances (No. 1612

[N. S.], No. 1617 [N. S.], inclusive), which for the most part were merely amendatory of existing ordinances, was to reduce the number of corporals then existing from fourteen to seven. The positions thus provided for were thereupon regularly filled by appointment, and the incumbents continued to serve and were thenceforth regularly paid their salaries as corporals.

It is now appellant's contention that the effect of the resolution of the Civil Service Commission, reversing the order of his suspension, was to restore him not only to membership in the police department, but also to the rank of corporal, and that he is entitled to the salary attached to that position for the whole time he was prevented from performing his duties.

[1] As to a portion of that period, appellant's contention holds true. It is a well-settled rule that a public officer, or employee, wrongfully removed from office, is entitled, upon the reversal of his removal, to the salary of the position during the time he was excluded from the performance of his duties by the erroneous order of suspension. (*Ward* v. *Marshall*, 96 Cal. 155, 159, [31 Am. St. Rep. 198, 30 Pac. 1113].) Consequently, appellant was entitled to salary as corporal from May 21st, the day on which he was suspended, until June 30th, the date on which his position as corporal was abolished. As to that portion of the salary there appears to be no question, for it was apparently paid. Appellant was immediately appointed a sergeant of police upon his restoration to the department. Hence this appeal has to do only with appellant's contention that his status as corporal continued even after June 30th, and until the date of his restoration, and that he should be paid the salary attached to that position during all of that period.

[2] The appellant admits that the number of corporals in the police department may, unquestionably, be fixed by the city council as in its judgment the needs of the service may require. He contends, first, that no vacancy was created in the position held by him by the adoption of the ordinance reducing the number of corporals, and, second, that if such was the result, it was in clear violation of the provisions of the city charter relating to removal from office and employment, and deprived him of the right to appeal

to the civil service board. Neither contention is sound. In the first place, the charter itself vests in the council the power to fix the number of officers in the police department, as in its judgment the needs of the service may require. It cannot be supposed that the framers of the charter intended that after the police department was once organized, and its members finally appointed, the number so appointed must continue in office, whether the public needs require their retention or not. [3] It is a general rule, now well settled, that an office or position created by municipal ordinance may be abolished by ordinance, in which case the incumbent ceases to be an officer. Even when an officer, by reason of having been appointed for a definite term, or by special statutory provision, cannot be lawfully removed except for cause after a full hearing, his office may be summarily abolished whenever the municipal authorities deem it advisable. (19 R. C. L., p. 936, par. 236.) [4] It is equally well established by the decisions of the courts of many states that provisions restricting the power of removal, similar to those found in the civil service provision of the Oakland city charter, refer to removals for lapse of duty and the like, and are not a restriction upon the power of the council to abolish as many of the places or offices once provided for as it chooses, by abolishing the offices or places themselves, provided such action be taken in good faith. (*Fitzsimmons* v. *O'Neill*, 214 Ill. 494, [73 N. E. 797]; *People ex rel. Corrigan* v. *Mayor of Brooklyn*, 149 N. Y. 215, [43 N. E. 554]; *Heath* v. *Salt Lake City*, 16 Utah, 374, [52 Pac. 602].)

The ordinance reducing the number of corporals from fourteen to seven resulted in abolishing just that number of positions. (*State ex rel. Quintin* v. *Edwards*, 40 Mont. 287, 304, [20 Ann. Cas. 239, 106 Pac. 695].) It was not pleaded, there is nothing in the record to show, nor do we find it asserted in the briefs, that the Oakland city council was acting in bad faith in reducing the number of corporals, or that the passage of the ordinances, which had the effect of abolishing appellant's position, was a pretext, or device to get rid of him, or any other member of the department. It does not appear that the number of corporals was at once, or ever has been, restored to the number existing when appellant was suspended. No one seems to have

succeeded to the positions which were abolished. As was said in another case, it would "be difficult, if not inimical to reasonable deduction, to extract from the record, in the face of the presumption of good faith primarily to be accorded to the acts of the" council, that the reduction in the number of corporals was made in bad faith. (*Venable* v. *Police Commissioner*, 40 Or. 458, 466, [67 Pac. 203].)

In answer to appellant's contention that to uphold the judgment of the lower court is to leave every officer and member of the police department at the mercy of a designing and evil-intentioned city council, we need only point out that the element of good faith must ever govern such matters. Fraud, deceit, and intrigue, if shown, would defeat the object of any pretended praiseworthy action. An apt quotation from the highest court of a sister state appeals to us in this connection: "There is a real and fundamental distinction between the laudable abolition of an unnecessary position and the discharge of a faithful employee in violation of the rights secured to him by statute, and the latter action can neither be concealed nor protected by a pretense that it was an exercise of the former right." (*Garvey* v. *Lowell*, 199 Mass. 47, 50, [127 Am. St. Rep. 468, 85 N. E. 182].) If fraud was present in the instant case, it has not been shown.

The fact that one of the seven positions of corporal provided by the ordinance in effect on June 30th was filled by certain appointments, pending the return to active duty of a member of the department under temporary disability, did not alter the situation. The fact remains that appellant was not appointed to the position.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.