[L. A. No. 13908. In Bank.—October 1, 1934.]

BARD LIVINGSTONE, Appellant, v. R. W. MacGILLIVRAY et al., Respondents.

Grant Holcomb for Petitioner.

Fred A. Wilson for Respondents.

THE COURT.—The petitioner sued to compel the payment of his salary as assistant superintendent and foreman, a position he had held in the classified civil service of the water department of the city of San Bernardino. He propounds the following question as the issue involved on his appeal from the order of the trial court denying his petition: "Does the civil service board under the San Bernardino city charter under the power to hear appeals of employees who have been discharged, suspended or reduced in rank, have the incidental power to find and determine that a purported order of abolition of the employment of petitioner was in fact a discharge of petitioner and was passed for political reasons, and that another continued to do his work?"

The resolution of the board of water commissioners on its face abolished for purposes of economy the position in said department held by the petitioner. No new position involving the same duties or otherwise was created, and the duties theretofore performed by the petitioner were assigned to another employee in the department. ■ The petitioner claims that the civil service board had jurisdic-

tion to determine that the action of the board of water commissioners was taken for political reasons and in bad faith and that the finding of the civil service board to that effect was binding on the trial court and is binding on this court of appeal. If the position occupied by the petitioner was in fact abolished he has no standing. If it was not abolished it was because of the bad faith amounting to fraud inherent in the action of the water board. The civil service board assumed to try and determine this issue of fraud. The city charter does not confer upon the board such jurisdiction. The power of the board being special and limited, no legal presumptions or intendments may be indulged to uphold its order. (*Garvin* v. *Chambers,* 195 Cal. 212, 223 [232 Pac. 696].) The issue attempted to be determined by the civil service board was a judicial question. It was not specifically tendered in the petition for the writ but was attempted to be presented at the trial in the superior court; consequently the court made findings thereon and in favor of the respondents. The findings are supported by sufficient evidence.

This is not a case such as *Winslow* v. *Bull,* 97 Cal. App. 516 [275 Pac. 974], in which the civil service employee was "laid off" and a subordinate assigned to discharge his duties. The position there was not abolished. Nor is it such a case as *Powers* v. *Board of Public Works,* 216 Cal. 546 [15 Pac. (2d) 156], in which practically the same situation existed. Nor is the case of *Barry* v. *Jackson,* 30 Cal. App. 165 [157 Pac. 828], in point. There the old positions were abolished and new positions created involving the same duties and it was held that the civil service board could determine whether the duties under the old and new ordinances were the same, and if so, protect the right of the employee to continue in service. The civil service board deals with positions in existence. Otherwise that board would have the power to determine the number of positions of employment which another co-ordinate board should create and maintain. The issue of whether the position of the petitioner was or was not abolished was submitted to a court having jurisdiction in the matter. The decision was against him on sufficient evidence and we perceive no error in the judgment.

For a more detailed discussion of the facts and the law we refer to and adopt the opinion of the District Court of

Appeal, prepared by Mr. Justice Jennings, as the opinion of this court. It is as follows:

"Plaintiff instituted this action in *mandamus* in the Superior Court of San Bernardino County to compel the defendants, as members of the Board of Water Commissioners of the City of San Bernardino, to execute and deliver to him warrants drawn upon the city treasury in the amount of his monthly salary as an employee of the water department of said city for the months of November and December, 1930. From a judgment denying his petition for the writ of mandate plaintiff has prosecuted this appeal.

"The record presents the following facts pertinent to the questions here involved: On October 28, 1930, and for many years prior thereto petitioner was an employee of the water department of the city of San Bernardino. On the above-mentioned date he held the position of assistant superintendent and foreman of said department. This position was one that was included in the classified civil service of said city. At a meeting of the Board of Water Commissioners on October 28, 1930, the said board adopted the following resolution:

" 'As a preliminary economy measure, motion was made by Commr. Ham that the following classified civil service positions be abolished, effective immediately, and that communication be forwarded to the Civil Service Board, advising such action:

" 'Sanitary Patrolmen, Lytle Creek,

" 'Meter Inspector,

" 'Pipe Line Foreman,

" 'Foreman,

" 'Plumbers and meter men,

" 'Plumbers and pipe fitter Gr. 1,

" ' " " " " " 2,

" ' " " " " " 3,

" ' Acetylene Welder,

" ' Assistant Superintendent and foreman,

" ' Assistant Superintendent.

" 'Motion seconded by Commr. MacGillivray. Unanimously carried.'

"On October 29, 1930, the superintendent of the water department informed petitioner that his position as an employee of the department had been abolished and that he

was no longer employed by said department. On October 30, 1930, petitioner filed an appeal with the civil service board of the city of San Bernardino wherein he set forth the adoption of the above-mentioned resolution abolishing certain positions and alleged that said resolution was in effect an order discharging him from further employment with the city and that his discharge had been effected without the presentation of any reasons therefor and that thereby he had been foreclosed of any opportunity to be heard in his own defense. Thereafter, the civil service board of said city fixed a date for hearing the appeal and notified petitioner and the Board of Water Commissioners of the time and place of such hearing. Subpoenas were thereupon issued by the civil service board directed to the three members of the Board of Water Commissioners requiring their attendance at such hearing. Two members of the Board of Water Commissioners ignored the subpoenas and did not attend the hearing. The third member was present. Upon the conclusion of the hearing the civil service board made an order in which it was declared that the order of the Board of Water Commissioners made on October 28, 1930, was not made in good faith and was in fact a mere pretext and subterfuge made with the intent and purpose of discharging petitioner from his employment with the water department of said city. It was accordingly ordered that petitioner be reinstated and restored to his former position and that he be compensated at his former rate of pay from November 1, 1930, until the date of his reinstatement. A copy of this order was served upon the three members of the Board of Water Commissioners. Thereafter the petitioner reported to the Board of Water Commissioners and to the superintendent of the water department that he was ready to perform the duties of an employee of said water department but was not permitted to resume his employment. Demand was then made by petitioner upon the Board of Water Commissioners that they execute and deliver to him warrants drawn upon the city treasurer for compensation at the rate of pay which he drew at the time the order of abolition of October 28, 1930, was made. This demand was refused. The proceeding in *mandamus* was thereupon instituted.

"The petition for the writ was evidently drawn on the theory that the civil service board of the city of San

Bernardino had complete jurisdiction of the appeal which was taken from the order of the Board of Water Commissioners abolishing the position of foreman and assistant superintendent and that the order of the civil service board reinstating appellant in his former position was final and conclusive. This is likewise the chief contention advanced by appellant upon this appeal. The correctness or incorrectness of this contention depends in the final analysis upon the provisions of the freeholders' charter under which the municipality operated. ■ This must be true because it is settled in California that the tenure of office of officers and employees of municipalities whose scheme of government is established by such a charter is controlled exclusively by the provisions of the charter (Const. of Cal., art. XX, sec. 16; *Craig* v. *Superior Court*, 157 Cal. 481 [108 Pac. 310]; *Dinan* v. *Superior Court*, 6 Cal. App. 221 [91 Pac. 806]). It becomes necessary, therefore, to examine those provisions of the charter of the city of San Bernardino which are pertinent to the problem under consideration.

''Such examination discloses that the original charter conferred upon the Board of Water Commissioners the power 'to employ and discharge at will such help as the necessities of the water service may demand.' The section of the charter which enumerated the powers of the Board of Water Commissioners and from which the above-quoted language is taken was amended in 1925 to read as follows: 'To employ such help as the necessity of the water service may demand.' In other words, the power to discharge employees at will was thereby taken from the Board of Water Commissioners. In the same year the charter of the municipality was further amended by the addition of new sections which established a system of civil service regulating the employment, promotion, and discharge of municipal employees. It will be necessary for the purposes of this opinion to set forth the provisions of only one of such sections. Section 255 is in the following language: 'Any employee of any department in the city in the classified service who is suspended, reduced in rank, or dismissed from a department by the head of that department, may appeal from the decision of such officer to the civil service board, and such board shall define the manner, time, and place by which such appeal shall be heard. The judgment

of such board shall be final; provided, that the provisions of this Section are at all times subject and subordinate to the provisions of Section 256.' Section 256, to which reference is made in the preceding section, provides for dismissal by the mayor upon the vote of two-thirds of the council and has no application to the question under consideration. It is appellant's contention that, so far as he is concerned, the order of the Board of Water Commissioners abolishing the position which he occupied constituted a discharge from employment entitling him to appeal to the civil service board and that having taken such appeal and the appeal having been heard, the order of reinstatement constituted a final adjudication of the matter. If it may fairly be declared that the order of the Board of Water Commissioners abolishing the position amounted to an order of discharge appellant's contention is meritorious. However, in order to justify such a declaration it must appear that the order of the Board of Water Commissioners abolishing the position which appellant held was not what on its face it purports to be but that in fact it was a mere pretext adopted merely for the purpose of effecting appellant's discharge from employment.

"It must, we think, be conceded that abolition of an office or position is not synonymous with discharge from employment although the effect upon the individual who loses employment is precisely the same. In the former instance the duties of the position are either absorbed by other persons or they are entirely discontinued while in the latter case the duties remain unchanged but some individual other than the discharged employee is selected to perform them. It must also be conceded that the power to abolish a position may not be tortured into a mere instrumentality to effect the discharge of an employee protected by the salutary provisions of civil service regulations.

"Since abolition of position is not intrinsically equivalent to discharge from employment can it fairly be declared that, under the provisions of the charter of the city of San Bernardino, the civil serivce board had jurisdiction of the appeal taken by an employee whose position was abolished and has the order of the civil service board such conclusiveness that nothing remains except to carry it into effect?

"The charter does not by its terms confer upon the civil service board jurisdiction to entertain an appeal by a

municipal employee whose position has been abolished. It does expressly confer upon it jurisdiction to hear appeals by employees who are suspended, reduced in rank, or dismissed from a department by the head of the department. ■ It is settled that a civil service commission derives its power from the charter creating it and that it may not exercise any power which is not expressly conferred or necessarily implied from the prerogatives so conferred (*Cook* v. *Civil Service Com.*, 160 Cal. 598 [117 Pac. 662]; *Peterson* v. *Civil Service Board*, 67 Cal. App. 70 [227 Pac. 238]; *Haub* v. *Tuttle*, 80 Cal. App. 561 [251 Pac. 925]). We entertain the opinion that the power to determine whether or not a position in the classified service has been properly abolished is not necessarily implied from the express grant of power to hear appeals by municipal employees who have been suspended, reduced in rank or discharged.

"Appellant places much reliance upon the decision in *Barry* v. *Jackson*, 30 Cal. App. 165 [157 Pac. 828]. This was an appeal by the commissioner of public health and safety of the city of Oakland from a judgment ordering a writ of mandate to issue directing appellant to reinstate respondents to certain positions in the city health department in conformity with the findings and decision of the civil service board of said city. The city of Oakland was governed by a freeholders' charter which contained provisions establishing a civil service system. Following a municipal election at which appellant was selected as one of the new city commissioners, the city council adopted a new ordinance which repealed a former ordinance and abolished many former positions in the health department and created new ones, the final result being a reduction in the number of employees in the health department from 34 to 33 and accomplishing a saving in expense to the city of $600 per annum. The new ordinance created two positions of deputy sanitary and plumbing inspectors at a salary of $1,500 per year and two positions of deputy sanitary and plumbing inspectors at a salary of $1,200 per year. Prior to the passage of the new ordinance two of the respondents were deputy plumbing inspectors and the third respondent was an assistant sanitary inspector. These were positions in the classified civil service. Immediately after the passage of the new ordinance appellant notified respondents that their positions were abolished and that their employment

had terminated. He then advised the civil service board of the passage of the new ordinance and of the notice given to respondents terminating their employment and acting upon the theory that there was no eligible list for positions created by the new ordinance requested approval of the civil service board of temporary appointments made by him of three men without civil service standing. For the purpose of determining whether there was any eligible list applicable to the places of employment provided for in the new ordinance and further to determine whether the temporary appointees were qualified, the civil service board conducted an investigation and determined that the duties attached to the positions created by the new ordinance were identical with those of the positions held by respondents under the former ordinance. Thereupon respondents availing themselves of a charter provision prosecuted an appeal before the civil service board claiming to have been wrongfully discharged. The board again found that the duties under both ordinances were identical and that the respondents were entitled to reinstatement. In its opinion affirming the judgment ordering the issuance of the writ, the appellate court pointed out that no evidence was introduced at the trial which showed that the conclusions reached by the civil service board were not sustained by sufficient evidence and that therefore the reviewing court as well as the trial court was bound by the conclusions of the civil service board. The opinion concludes with the following language:

" 'The appellant also claims that under the provisions of the charter the civil service board has authority to hear an appeal only when an employee has been discharged, and not in a case where his position has been abolished. The board, on the investigation made by it for the purpose of classifying the places provided for by the new ordinance, found that the positions of the petitioners had not been abolished. But even if it can be said that in repealing the old ordinance the old positions were, technically, at least, abolished, and hence that the board had no jurisdiction to hear the appeal, still it is not questioned that the civil service board, when it made its investigation for the purpose of classification, determined that the places of employment were the same under the new ordinance as under the old, from which it

follows that the petitioners were entitled to be restored to the positions from which they were removed.'

"It is apparent from the above-quoted language that the decision is not authority for the proposition that the civil service board of a city operating under a freeholders' charter which confers upon such board jurisdiction to entertain appeals by municipal employees who have been discharged from their positions possesses jurisdiction to entertain similar appeals by employees whose positions have been abolished. Still less is it authority for appellant's contention that the order of such a board reinstating municipal employees whose positions have been abolished possesses a finality which renders it conclusive upon a court which is considering the propriety of issuing a writ of mandate sought by a municipal employee whose position has been abolished.

"It is our opinion that the case of *O'Neill* v. *Williams*, 53 Cal. App. 1 [199 Pac. 870], is much more in point upon the problem which is here under consideration. In this case the petitioner for the writ of mandate was a corporal in the police department in the city of Oakland. The city council of said city, proceeding in accordance with charter provisions, had created 14 positions of corporal of police, one of which was held by the petitioner. He was suspended from the police department for alleged cause. The suspension continued until it was annulled by the civil service board on an appeal to that body by the suspended employee. Pending the appeal to the civil service board the city council enacted ordinances whose effect was to reduce the number of corporals in the police department from 14 to 7. In his application for a writ of mandate to compel the city auditor to issue his warrant for salary which was claimed to be due for his services as corporal, petitioner contended that the effect of the resolution of the civil service board was not only to restore him to membership in the police department but also to reinstate him as a corporal in said department and to entitle him to receive the salary attached to that position during the period of suspension. This contention did not prevail in the trial court, which rendered judgment in defendant's favor, denying the issuance of the writ. The judgment was affirmed on appeal. The appellate court held that an office or position created by ordinance may be abolished by ordinance, in which case the incumbent ceases to be an officer and that 'even when the officer, by reason of

having been appointed for a definite term, or by special statutory provision, cannot be lawfully removed except for cause after a full hearing, his office may be summarily abolished whenever the municipal authorities deem it advisable'. It is also said that 'it is equally well established by the decisions of the courts of many states that provisions restricting the power of removal, similar to those found in the civil service provision of the Oakland City Charter, refer to removals for lapse of duty and the like, and are not a restriction upon the power of the Council to abolish as many of the places or offices provided for as it chooses, by abolishing the offices or places themselves, provided such action be taken in good faith.'

"It is our opinion that the latter of the two cases above discussed correctly states the legal principles which are here applicable. We understand that it is not disputed by appellant in the present action that the Board of Water Commissioners of the City of San Bernardino had the power under the city charter to abolish the position held by appellant provided that its action in so doing was in good faith. It was pointed out in the O'Neill case that bad faith on the part of the city council was not pleaded and that it did not appear in the record that the council's action in abolishing the position was a mere pretext or device adopted to effect the plaintiff's discharge from employment. It is likewise true in the instant action that bad faith on the part of the Board of Water Commissioners was not pleaded. It must be conceded that evidence was presented to the trial court which tended to show that the abolition of the position which appellant held in the water department was a mere subterfuge to effect his discharge. On the other hand, ample evidence was presented tending to show that the action of the water board in abolishing the position was taken in good faith. Unless, therefore, it can be said that the findings and order of the civil service board which declare that the abolition of the position was a mere pretext and therefore actuated by bad faith were final and conclusive upon the trial court the general rule binding upon a reviewing court that the judgment must be affirmed if the record contains any evidence to support it is applicable. We have heretofore indicated that it is our opinion that the findings and order of the civil service board are not, in this instance,

conclusive upon the question of whether or not the action of the Board of Water Commissioners in abolishing appellant's position was taken in good faith. It follows, therefore, that we are impelled to declare that appellant's principal contention is unsound.

■ ''Complaint is voiced that the trial court excluded certain evidence offered by appellant which it is said related to the motives actuating the Board of Water Commissioners in abolishing appellant's position and to the political nature of the controversy. Three specifications of such alleged errors are noted. The first specification relates to the testimony of a witness who was asked to relate a conversation which he had with respondent ·MacGillivray in the spring of 1929, some two weeks prior to a municipal election. It was declared that the purpose of introducing this evidence was to show motive. The trial court sustained an objection to the question, remarking that he considered that it was not pleaded with sufficient certainty in the petition to constitute an issue. Inasmuch as bad faith of the Board of Water Commissioners in abolishing appellant's position was not pleaded, the court's action in sustaining the objection was manifestly correct. Furthermore, even if bad faith had been pleaded, proof of extraneous facts for the purpose of showing motive was not allowable in the absence of some showing on the face of the resolution of abolition that it was adopted from improper motives (*Odd Fellows' Cemetery Association* v. *San Francisco*, 140 Cal. 226, 235 [73 Pac. 987]).

■ ''A second specification is noted in the court's action in sustaining an objection to a question propounded of respondent, A. M. Ham. This witness, who was a member of the Board of Water Commissioners when appellant's position was abolished, was asked if he had not included something in his motion to abolish the position which was not included in the minutes of the Board of Water Commissioners. The court's action in sustaining the objection to the question was correct. There was no showing that the records inadvertently failed to include the matter to which reference was made in the inquiry. Furthermore, if the question had been permitted to be answered and the witness had given the reply which was apparently sought to the effect that appellant was to remain as a laborer in the water department and was not to be discharged no

different result could have been attained. The action of the Board of Water Commissioners is evidenced by the motion which was adopted and this motion contained no reference to the retention of appellant as a laborer.

"The third specification of error in rejection of evidence consists of the court's action in sustaining an objection to the following question propounded to the witness A. M. Ham: 'Is there any other reason, or is there any reason outside of the reason set up as a defense in the pleadings by the defendants in this proceeding, for refusing to pay the salary of Mr. Bard Livingstone?' The court's action in sustaining the objection was correct. The inquiry called for the expression of a pure conclusion on the part of the witness and was therefore clearly improper."

The judgment is affirmed.