[Civ. No. 14339.   Second Dist., Div. One.   June 16, 1944.]

HAROLD HARBY, Appellant, v. CITY OF LOS AN-
GELES et al., Respondents.

Morris Lavine for Appellant.

Ray L. Chesebro, City Attorney, and Frederick von
Schrader, Assistant City Attorney, for Respondents.

DORAN, J.—Under proceedings taken pursuant to chapter
2, title 2, part 2, of the Penal Code, sections 758 to 772
thereof, appellant was removed from his office as a council-
man of the city of Los Angeles. The judgment rendered in
said proceeding was affirmed upon appeal. (*People* v. *Harby*,

51 Cal.App.2d 759 [125 P.2d 874].) Appellant now seeks to compel payment to him of the salary for the unexpired portion of his term as councilman, on the ground that his removal from office by the proceeding aforesaid was illegal, in that the court was without jurisdiction thus to order the removal of an elective official of the city of Los Angeles. The court below denied appellant's application for an alternative writ of mandate. ▮ Appellant contends that an incumbent of an elective office of the city of Los Angeles may only be removed from office by the qualified electors of said city as provided by section 290 of the city charter. In this connection it is argued that the method provided by the city charter is exclusive. *Betkouski* v. *Superior Court,* 34 Cal.App. 117 [166 P. 1027], is relied upon by appellant to support such contention.

In principle, the Betkouski case and appellant's case are identical. In the Betkouski case, *supra,* the petitioner sought a writ of prohibition to prevent his trial under an accusation presented by the grand jury pursuant to the provisions of sections 758-772 of the Penal Code above mentioned. The petitioner in that case was also a member of the council of the city of Los Angeles, and was charged by the accusation with a violation of the provisions of former section 18 of the city charter, the provisions of which section are now embodied in section 28 of the said charter, and which provide that no member of the council shall be financially interested in any contract, sale or transaction to which the city is a party, under penalty of forfeiture of his office. Petitioner in the Betkouski case, *supra,* contended that the right to remove a member of the council under section 18 of the charter was superseded by the right given in the charter to removal by the recall. Inasmuch as it was held in the Betkouski case that the appropriate method of removal from office under section 18 of the city charter was by proceedings instituted pursuant to section 758, et seq., of the Penal Code, what the court there said relative to the recall provisions of the city charter applies with equal force here.

It is there stated, at page 121: "The recall provides for the removal of officers at the will of the electors of the municipality, upon reasons, good or bad, satisfactory to the individual consciences of the electors. Even if a recall petition should state, as reason for recall, the same matters which

might be made the subject of investigation under section 18, any elector might vote for recall upon entirely distinct and different reasons appearing to him to be equally or more cogent and convincing. If a recall should result at the polls in such a case and, at or near the same time, an acquittal of the same officer should result from an investigation under section 18 of the charges specified in the recall petition, it could not be said and could never be shown that the results were conflicting or even inconsistent. The judicial inquiry would have ended an investigation into specific charges against the officer. The recall election would have thrown open the entire range of the official life of the individual, and made his incumbency of the office depend upon the accumulated judgment of the electorate based upon not only his minutest official acts, but also upon his private reputation and character.'' There is no conflict between the provisions of the city charter and the code provisions. There is nothing in the charter that, by the application of any rule of construction, indicates an intention to make its provisions exclusive. The procedure of each is entirely different in every respect. The ''recall'' is a governmental process, whereas the ''accusation,'' under the Penal Code provisions, in substance and effect is an action at law. The variety of phases that distinguish them are too numerous to mention. Neither misfeasance nor malfeasance need be necessarily involved in a recall election. On the other hand, the judicial procedure and requirements incidental to the removal proceedings take the form and substance of an action at law.

Of the Betkouski case, *supra,* appellant's brief states: ''Thus the Betkouski opinion contrasts the alleged scheme of removal under section 18 with that provided by the recall. It shows that the recall scheme meets the requirement as to designating the cause and also provides the mode of removal 'with great care' whereas section 18, now 28, states the cause but utterly fails to provide the method or mode. It definitely recognizes that where, as in the recall, both cause and mode are found, the charter provision is exclusive of state laws, and it does this both by its plain language and the citation, as illustrations, of such cases as *Dinan* v. *Superior Court,* 6 Cal. App. 217 [91 P. 806], and *Craig* v. *Superior Court,* 157 Cal. 481 [108 P. 310].'' However, appellant completely overlooks the fact that section 290 of the Los Angeles Charter is ex-

clusive of state laws only so far as the *recall* of a city official is concerned. In other words, the general laws do not apply where the charter contains such provisions. Appellant has failed to show wherein the Los Angeles City Charter provides, either expressly or impliedly, that the recall shall be the only method of *removal* of an incumbent from an elective city office. The rule as followed in the Betkouski case, *supra,* is, as there stated, "that where, in the acts of the legislature and in the provisions of municipal charters, there are set down modes of procedure for the removal of officers *which are inconsistent with each other,* the charters will control." (Italics added.)

Appellant has not pointed out wherein the charter of the city of Los Angeles either expressly or impliedly provides that elected officials of the city shall only be removed from office as in said charter provided. In the Betkouski case, *supra,* it is stated with respect to section 758, et seq., of the Penal Code (at p. 126): "There is no conflict between those sections and the charter, for they occupy a field which it does not invade. There is apparently no other procedure than that outlined in the sections mentioned to which resort may be had in order to render section 18 of the charter effective, and the language of section 758 expressly countenances such a resort, for it provides for the presentation by the grand jury of 'an accusation in writing against any . . . municipal officer, for willful or corrupt misconduct in office.' " Appellant misconstrues the purport of the Betkouski case. As to section 290 of the city charter, the Betkouski case holds that the recall provisions of the charter do not conflict with the provisions of section 18, now section 28 of said charter, nor with the method of removal of a city councilman from office under section 758, et seq., of the Penal Code for violation of the provisions of section 18. The opinion in the Betkouski case, as above quoted, expressly states as a general proposition that there is no conflict between the provisions of the Penal Code, in question, and the recall provisions of the charter. And it is obvious that if removal of a city official may be had under section 758, et seq., of the Penal Code, for a violation of section 18 of the charter without conflicting with the recall provisions, the said sections of the Penal Code may be applied to removal of a city official in any circum-

stances where appropriate, without conflicting with the recall provisions.

Section 9 of the Los Angeles charter states: "An office becomes vacant when the incumbent thereof . . . is . . . convicted . . . of an offense involving a violation of his official duties, or is removed from office, . . . ." Appellant argues at length that this section gives no authority to remove any officer from his office; that it is a mere "eligibility and exclusion act." Regardless of what the section may be termed, it follows from the express provisions thereof that when an incumbent is so convicted or removed the office he occupies becomes vacant. No recall is necessary. The office becomes vacant, *ipso facto,* upon the conditions specified. Whether this is termed "removal from office" or a "specification of elegibility" to hold or continue in office, the effect is the same. The incumbent is no longer "in office"; and nothing further is needed to render vacant the office hitherto occupied by the incumbent. If the incumbent may not be said to have been "removed" he is nonetheless "out" as effectively as if he were "removed." It is reasonable to infer from the language employed in section 9 of the charter that the possibility of proceedings under section 758 et seq., of the Penal Code was contemplated when this charter provision was drawn. Section 18 of article IV of the Constitution of California is also pertinent in this regard. That section, after setting forth who shall be liable to impeachment for misdemeanor in office, states: "All other civil officers shall be tried for misdemeanor in office in such manner as the Legislature may provide."

However, it is not necessary to decide here whether removal of an incumbent of an elective city office for misconduct in office, for a violation of official duties, or for any such cause, may or may not be made strictly a municipal affair by the provisions of a city charter. (In this connection see *Coffey* v. *Superior Court,* 147 Cal. 525, at 535 [82 P. 75].) Appellant has based the appeal herein solely on the ground that section 290 of the Los Angeles City Charter conflicts with the provisions of the Penal Code above mentioned, through providing the exclusive method for removal of an elected official of that city. It has been shown that there is no such conflict between the charter provision and the par-

ticular provisions of the Penal Code; and that alone is sufficient to provide the basis for the decision here.

For the foregoing reasons the order denying the application for an alternative writ of mandate is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied July 6, 1944, and appellant's petition for a hearing by the Supreme Court was denied August 14, 1944. Carter, J., and Schauer, J., voted for a hearing.