TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-107 |
| of | : | |
| | : | June 12, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

DEBRA WALKER, SUE C. HESTOR, SHARON GRACE, LAUREL STANLEY, and STEPHEN M. WILLIAMS have requested this office to grant leave to sue in quo warranto upon the following:

ISSUES OF FACT OR LAW

Does a violation of the San Francisco Charter proscribing conflicts of interest and incompatible activities by an officer of the City and County of San Francisco work a forfeiture of office?

CONCLUSION

A violation of the San Francisco Charter proscribing conflicts of interest and incompatible activities by an officer of the City and County of San Francisco does not work a forfeiture of office.

PARTIES

DEBRA WALKER, et al. ("Relators") contend that JOHN McINERNEY III ("Defendant") is unlawfully serving as a member of the San Francisco Board of Appeals ("Board") in the City and County of San Francisco ("City"), a charter city operating under the San Francisco Charter ("Charter").

MATERIAL FACTS

Defendant was duly appointed a member of the Board on January 8, 1996. It is alleged generally that during the period of his incumbency, Defendant has violated certain provisions of the Charter, **Footnote No. 1** including:

(1)     section 8.105(c), prohibiting any attempt by a City officer to influence any City governmental decision in which the officer possesses a financial interest;

(2)     section 8.105(f), prohibiting any City officer from receiving any compensation, reward or gift from any source except the City or other public agency to which the officer has been duly appointed, for any service, advice, assistance or other matter related to the governmental processes of the City, except for fees for speeches or published writing;

(3)     section 8.105(j), prohibiting any City officer from attempting to influence City action regarding a client of such officer;

(4)     section 2 of Appendix K, prohibiting any City officer from engaging in compensated advocacy before any City board or commission, or member or staff of such board or commission in order to represent any private interest for which any compensation, reward or gift is received; and

(5)     section 3 of Appendix K, prohibiting any City officer from discussing matters pending before his commission or department with other City officers who are acting as compensated advocates for a private interest.

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California in a quo warranto action, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the overall public interest. (80 Ops.Cal.Atty.Gen. 242, 242-243 (1997).)

It is well settled that a quo warranto action filed pursuant to the terms of Code of Civil Procedure section 803 is an appropriate remedy to test the right of a person to hold public office, including a local office of a charter city. (*Hallinan* v. *Mellon* (1963) 218 Cal.App.2d 342, 347-348; 76 Ops.Cal.Atty.Gen. 157, 165 (1993).) It may not, however, be utilized to remove an

incumbent of a public office for malfeasance. (Cf. *Wheeler* v. *Donnell* (1896) 110 Cal. 655, 657-658.) Footnote No. 2

It is contended, nevertheless, that Defendant has engaged in certain conduct that would warrant a court to order his removal from office. Here, the Charter specifies the grounds, including misconduct in office, upon which an action for removal may be initiated, and further designates the officer or body authorized to take such action. In the alternative, the Charter provides that certain conduct per se works a forfeiture of office.

Such Charter authorized actions have not been undertaken here. In the absence of such prerequisite action for removal by the City, a court would have no basis for declaring a vacancy in the office pursuant to a quo warranto action. A charter city is granted plenary power by the Constitution to provide for the election or appointment and removal of its officers and employees. (Cal. Const., art. XI, §§ 4, subds. (c), (f); 5, subd. (b).) The provisions of a city charter relative to the removal or discharge of an appointed city officer supersede inconsistent general laws. (*Craig* v. *Superior Court* (1910) 157 Cal. 481; *Curphey* v. *Superior Court* (1959) 169 Cal.App.2d 261, 266.)

Specifically, the Constitution confers upon the City "plenary authority" to provide in its Charter for the manner and method by which its officers may be removed. (*Baines* v. *Zemansky* (1917) 176 Cal. 369, 377; *Scheafer* v. *Herman* (1916) 172 Cal. 338; *Dinan* v. *Superior Court* (1907) 6 Cal.App. 217.) Accordingly, even though a provision of the Charter may authorize the removal of Defendant from office by action of his appointing power, a court would, in the absence of any such administrative action, lack any basis for its declaration that Defendant is usurping the office.

If a vacancy has occurred, therefore, it must have occurred by operation of law. The Charter does in fact provide in certain cases for the automatic forfeiture of a City office. Section 8.103 provides:

"Any person holding a salaried office under the city and county, whether by election or by appointment, who shall, during his term of office, hold or retain any other salaried office under the government of the United States, or of this state, or who shall hold any other salaried office connected with the government of the city and county, or who shall become a member of the legislature, *shall be deemed to have thereby vacated the office* held by him under the city and county." (Italics added.)

Similar provisions are contained in state law (e.g., Gov. Code, § 1770 ["An office becomes vacant on the happening of any of the following events . . ."] and in the Constitution (Cal. Const., art. XII, § 7 [acceptance of a free or discounted pass "shall work a forfeiture of that office"]) and are unequivocally expressed.

Hence, we have granted leave to sue where the allegations were based on the above quoted Charter provision. (76 Ops.Cal.Atty.Gen., *supra*, 157, 158.) It remains to be determined whether the Charter provides for automatic forfeiture based upon the conduct complained of here.

With respect to the alleged violations of sections 8.105(c), 8.105(f), and 8.105(j), the Charter provides in section 8.105(m):

Any person violating any of the provisions of this section shall be guilty of a misdemeanor and, *upon a final judgment of conviction of same*, shall be removed from office or in the alternative shall be subject to a penalty of not more than one year in jail and/or a fine of not more than $10,000, as well as removed." (Italics added.)

Thus, no removal may occur under this Charter section except as a result of a final judgment of conviction. Since no basis is provided for an automatic forfeiture of office based solely upon the engagement in certain conduct or the happening of a certain event, **Footnote No. 3** a court could not, in the absence of a conviction and removal, declare a vacancy under this provision.

With regard to section 8.105, as well as Appendix K of the Charter, section 15.103 provides:

"All officers and employees of the City and County shall be subject to all laws and City ordinances prescribing conflicts of interest and incompatible activities, as well as the provisions of Section C8.105. Any violation of such laws shall be official misconduct and shall be *a basis for discipline and/or removal, in addition to any other penalties prescribed by law*." (Italics added.)

Again, no basis is provided for an automatic forfeiture. On the contrary, the penalty is described in the alternative: either removal or a discipline less than removal may be administratively prescribed "in addition to any other penalties prescribed by law." Of course, a quo warranto action would not be another penalty prescribed by law, in the sense that it provides a means by which to bypass local administrative authority. Rather, a quo warranto action presupposes a vacancy.

Section 15.104, however, provides as follows:

"Any person *found guilty* of official misconduct *shall forfeit* his or her office, and shall be forever after disbarred and disqualified from being elected, appointed or employed in the service of the City and County." (Italics added.)

As provided in section 15.103, violations of law pertaining to conflicts of interest, incompatible activities, including activities described in the various provisions of section 8.105, constitute official misconduct. Hence, it may be argued that under section 15.104, the mere act of official misconduct provides the basis for forfeiture of office, and creates a vacancy upon which a court may entertain an action in the nature of quo warranto. We disagree.

First, the words "found guilty" of official misconduct must refer to a criminal conviction, the logical result of which would be the forfeiture of office. A different interpretation, e.g., that the words "found guilty" would include a finding pursuant to an administrative proceeding for removal, would render section 15.104 in conflict with its related provisions. Section 15.103, for example, provides, as previously noted, for alternative penalties, i.e., "discipline and/or removal.

. . ." Section 3.699-13(c), governing the powers of investigation, hearing, and the determinations of the City's Ethics Commission ("Commission") respecting the type of activities under consideration here, provides that in addition to other penalties which it may impose (e.g., cease and desist orders, disclosure orders, monetary penalties), ". . . when the commission determines on the basis of substantial evidence presented at the hearing that a violation has occurred, the commission may *recommend* to the appointing officer that the officer be removed from office." (Italics added.) Again, if the words "found guilty" in section 15.104 referred to any finding, e.g., as a result of an administrative proceeding, then the latter section would be inconsistent with a mere "recommendation" by the Commission to the appointing officer for removal.

Second, even if the words "found guilty" in section 15.104 were not limited to a criminal conviction, they do presuppose some type of finding as a condition of forfeiture. The present quo warranto application, however, shows neither a criminal conviction nor an administrative determination coupled with a disposition of removal. In the absence of a conviction or of an administrative order of removal, Defendant's office remains duly occupied, and an action in quo warranto will not lie.

As noted above, the Charter does not contemplate that the finding of guilt be made by the superior court in the first instance. Thus, section 15.105 provides:

"Any appointee of the Mayor . . . guilty of official misconduct or convicted of a crime involving moral turpitude *must be removed by the Mayor* . . . and failure of the Mayor . . . to take such action shall constitute official misconduct on [his] part." (Italics added.) **Footnote No. 4**

It is not alleged that any criminal or administrative finding and determination or order has been made with respect to Defendant's office. We find no substantial issue of law under these circumstances that would warrant the issuance of leave to sue.

PUBLIC INTEREST

As observed previously, the Charter provides that when the Commission determines, based on substantial evidence presented at a hearing, that a violation has occurred, it may recommend to the Mayor that the offender be removed from office. (§ 3.699-13(c).) In addition, the Commission is required, if it has reason to believe that allegations contained in a sworn complaint showing ethical violations are true, to "immediately forward the alleged violation to the district attorney and city attorney." (§ 3.699-13(a).) Here, allegations similar to those presented to this office have been filed with the Commission, and no action has as yet been taken or a determination made. The San Francisco District Attorney, upon the request of the Relators herein, has also started an independent investigation but is now awaiting the determination of the Commission. The Mayor, whose intervention has been sought, has taken no independent action pending the recommendation of the Commission. Finally, an accusation filed with the grand jury pursuant to Government Code section 3060 with respect to the instant matter has been rejected as an issue of "local concern" to be reviewed only under the Charter's provisions.

Consequently, from the papers on file in conjunction with this application, it appears that similar allegations raising essentially the same issues of fact and law have been presented for criminal and administrative investigation and review, which have not as yet culminated in a final disposition. Where such alternative procedures have been undertaken, we do not deem it in the public interest to try the same issues in multiple proceedings. (80 Ops.Cal.Atty.Gen. 279, 282 (1997).)

Accordingly, the application for leave to sue is DENIED.

* * * * *

---

**Footnote No. 1**
All references hereafter to the Charter are by section number only.
**Footnote No. 2**
Government Code section 3060 provides for the removal of public officers by the presentation of an accusation by the grand jury "for willful or corrupt misconduct in office . . . ."
**Footnote No. 3**
By way of analogy, we have previously held that a violation of state laws governing conflicts of interest (Gov. Code, §§ 1090, 87100), providing for specific sanctions (Gov. Code, §§ 1097, 91000), does not cause a forfeiture of office. (74 Ops.Cal.Atty.Gen. 82, 86 (1991); 73 Ops.Cal.Atty.Gen. 188, 195 (1990); see also 66 Ops.Cal.Atty.Gen. 382, 389 (1983) [Gov. Code, §§ 1126, 1128].)
**Footnote No. 4**
Members of the Board of Appeals are appointed, and may be removed, by the Mayor. (§ 4.106.)

---